### FRASER *v.* KECK.

Opinion delivered November 29, 1920.

1. PUBLIC LANDS—LEASE OF SCHOOL LANDS.—The county judge of Mississippi County acts, not in a judicial or *quasi*-judicial, but in a ministerial, capacity in performing services under Acts 1905, p. 398, authorizing him to lease certain wild and uncleared sixteenth section school lands of the county.

2. MANDAMUS—DISCRETIONARY POWERS.—Discretionary powers, even when exercised by an officer acting in a ministerial capacity, will not be controlled by mandamus.

3. PUBLIC LANDS—LEASE OF SCHOOL LANDS—BINDING CONTRACT.— There is no binding contract between the county judge of Mississippi County and an individual for lease of wild and uncleared sixteenth section school lands of the county until a writing is executed evidencing the terms of the contract and until a bond is approved by the judge, and prior thereto the judge has power to recede from the negotiation with or without good reason.

4. MANDAMUS—APPROVAL OF BOND OF LESSEE OF SCHOOL LAND.—The discretion of the county judge of Mississippi County to approve the bond of a lessee of school lands, under Acts 1905, p. 398, is not subject to control by mandamus.

Appeal from Mississippi Circuit Court, Osceola District; *R. H. Dudley,* Judge; affirmed.

*W. J. Driver,* for appellant.

The county judge acts in leasing the school lands not as a judicial officer but purely in a ministerial capacity. Mandamus was the proper remedy. 14 Ark. 699; 20 *Id.* 337; 26 *Id.* 237; 129 *Id.* 286; 60 Pac. 367; 112 U. S. 50.

*Joe Rhodes, Jr.,* for appellees.

1. This agreement or contract is in two sections of the statute of frauds and is void. Act 156, Acts 1905, p. 398; 111 Ark. 336. It was void for lack of description in notice, and the lease was for more than ve years.

2. The act was judicial, as the court had discretion to grant or refuse the order, and mandamus did not lie. 18 R. C. L., § 28, p. 117; *Ib.,* § 32, p. 119; 106 Ark. 48.

3. Mandamus is not a writ of right but is within the discretion of the court. 18 R. C. L., § 52, p. 137; 122 Ark. 337-9; L. R. A. 1917 F, p. 539. Act 156, Acts 1905, confers judicial power on the county judge, and the acts were matters involving official discretion and were not ministerial and the judgment is right.

McCULLOCH, C. J. A statute applicable only to Mississippi County was enacted by the General Assembly of 1905 (Acts 1905, p. 398) authorizing the county judge to

lease the "wild and uncleared sixteenth section school lands" of the county for a term of not exceeding five years.

The statute provides that the lease shall be made on "terms satisfactory to the county judge," upon the lessee entering into a good and sufficient bond to be approved by said judge. It is also provided that, before leasing any of said lands, the county judge shall cause notice to be given for thirty days of the time and place of the leasing by publication in a newspaper and by posting.

The county judge of Mississippi County gave notice of his intention to lease such school lands, and on the day mentioned in the notice appellant appeared and entered into an oral agreement with the judge for a lease of certain lands for a term of five years. The terms of the lease were agreed on with the further agreement that a written contract should be later prepared and signed. A few weeks later appellant presented to the judge for execution a written contract in accordance with said oral agreement and also a bond for approval by the judge, who declined to approve the bond or execute the contract on the ground that protests had been made against the leasing of the lands by taxpayers, and on the further ground that the agreement had been made upon a misconception of the real facts in regard to the susceptibility of the lands to cultivation. The written draft of the contract provided for the removal of timber, clearing and cultivation of the land and the construction of a certain number of houses of different kinds.

Appellant presented to the circuit court his petition to compel the county judge, by mandamus, to approve the bond and execute the written lease contract tendered by appellant. Certain taxpayers joined the county judge in an answer to appellant's petition and the cause was heard on oral testimony. The circuit court denied the petition.

The lawmakers designated the county judge as the proper person to act for the public interest in leasing the unimproved school lands, but might have conferred that authority on any other officer or person. The fact that the county judge was selected did not change the character of the service to be performed under the statute. We are therefore of the opinion that counsel for appellant is correct in the contention that the county judge acts, not in a judicial or *quasi*-judicial, but in a ministerial capacity in performing services under this statute. *Glenwood Cemetery Land Company* v. *Routt,* 17 Col. 156, 28 Pac. 1125; *Colorado Fuel & Iron Company* v. *Adams* (Col.), 60 Pac. 367.

However, the statute confers discretionary powers; and such powers, even when exercised by an officer acting in a ministerial capacity, will not be controlled by mandamus. *Jobe* v. *Urquhart,* 102 Ark. 470; *Robertson* v. *Derrick,* 113 Ark. 41.

The statute does not require that the leasing shall be done by the method of competitive bidding. In the nature of this case, that would be impracticable, for the transaction is so intricate as to necessarily call for negotiations between the lessor and lessee to determine the precise terms on which the land is to be improved. The statute necessarily implies the execution of a written contract, for a lease for the maximum length of time is within the statute of frauds. Also a bond is required which the judge must approve. Now, all of this demonstrates that there is no binding contract until a writing is executed evidencing the terms of the contract and until a bond is approved by the judge. Until that is done, the transaction is *in fieri*—a matter of negotiation between the parties and the discretion of the county judge still continues. It is the same as if the negotiations were between two individuals concerning a contract required, under the statute of frauds, to be in writing. The discretion of the county judge extends to the approval of the bond. His discretion in that regard is not subject to control, and

the contract is not complete until the bond is approved. It is no answer to say that the county judge had, in this instance, exercised full discretion in negotiating the terms of the contract. His discretionary powers extended down to the execution of the written contract and the approval of the bond, and his action, even down to the last moment, can not be controlled. He had the power to recede from the negotiation, either. with or without good reason, at any time before the negotiations ripened into a binding contract.

The circuit court was correct in its conclusions, and the judgment is therefore affirmed.