STATE *v*. TYSON.

Opinion delivered November 12, 1923.

1. MUNICIPAL CORPORATIONS—TOWN MARSHAL—TEST OF AUTHORITY.— Under Crawford & Moses' Digest, § 10325, an action to test the right of an incumbent to hold the office of town marshal must be brought by the Attorney General, and not by the prosecuting attorney.

2. MUNICIPAL CORPORATIONS—TOWN MARSHAL—USURPATION STATUTE —PARTIES.—One whose right to the office of town marshal is challenged by the prosecuting attorney may question his right to bring such action, even though he acted in the name of the State.

Appeal from Clark Circuit Court; *James H. McCollum*, Judge; affirmed.

*J. S. Utley*, Attorney General, *John L. Carter, Wm. T. Hammock* and *Darden Moose*, Assistants, for appellant; *J. S. Townsend*, of counsel.

The trial court improperly treated this action as one under the usurpation act. Chap. 178, C. & M. Digest. Quo warranto is the proper remedy and the one consistently followed by this court. 1 Ark. 279; 3 Ark. 570; 44 Ark. 221; 81 Ark. 39; 94 Ark. 65. These decisions, based on the Constitution of 1836, are applicable now, since there is no change in the present Constitution in the section applicable to this case. Quo warranto is the proper remedy to try the right to a public office of which there is a *de facto* incumbent. 22 R. C. L. 661, and cases cited. Section 10325, C. & M. Digest, is merely cumulative of the remedy under quo warranto. The logical conclusion is that the Legislature, in prescribing the

duties of a prosecuting attorney (§ 10327, C. & M. Digest) intended to fix all those less than district and State, since counties are merely civil subdivisions of the State for political and judicial purposes, and it was not intended that the Attorney General be burdened with such matters.    32 Ark. 15; 33 Ark. 497; 42 Ark. 54.    The prosecuting attorney is required to commence and prosecute all actions within his district in which the State is a party.    C. & M. Digest, § 8312; 85 Ark. 89.    Officers must be qualified electors to hold office.    97 Ark. 225; 107 Ark. 274; 141 Ark. 115.    The marshal of an incorporated town is an officer within the meaning of the law.    141 Ark. 115; note to 72 Am. Dec. 183-188.

*John H. Crawford* and *Dwight H. Crawford,* for appellee.

The prosecuting attorney proceeded without right. A town marshal is no more a county officer than is a director of a levee district, and the latter was expressly held not a county officer, in 84 Ark. 537.    The test of who is a county officer was laid down in 3 Wall. 93, as one by whom the county performs its usual functions of government.    Appellee was at least a *de facto* officer (22 R. C. L. 593-597), and is not subject to be ousted by this sort of proceeding.    133 Ark. 516.

McCULLOCH, C. J.    This is a proceeding instituted in the name of the State in the Clark Circuit Court by the prosecuting attorney of that district against appellee, challenging the right of appellee to exercise the duties of the office of marshal of the incorporated town of Gurdon, to which office appellee had been elected by the town council.

It is alleged in the petition that appellee was not a resident of Clark County at the time of his election to said office nor since that time, but was, and is, a resident of Ouachita County, in this State.

The court sustained a demurrer to the complaint, and rendered judgment dismissing the action, from which judgment an appeal has been prosecuted to this court.

The court based its decision on the ground that the proceeding was necessarily one under the statute of this State known as the usurpation statute (Crawford & Moses' Digest, § 10325 *et seq.*), which provides, in substance, that, whenever a person usurps an office to which he is not entitled by law, "an action by proceedings at law may be instituted against him, either by the State or the party entitled to the office * * * to prevent the usurper from exercising the office." The statute further imposes upon the prosecuting attorney the duty of instituting the action "against all persons who have or shall usurp county offices * * * where there is no other person entitled thereto, or the person entitled fails to institute the same for three months after the usurpation;" and that for usurpation other than of county offices "the action by the State shall be instituted and prosecuted by the Attorney General."

It is earnestly contended by counsel for the State on this appeal that the trial court was in error in its theory that this case must be classed as one within the usurpation statute, and it is argued that the common-law remedy of information in the nature of quo warranto is independent of the statute and may be pursued, notwithstanding the statute. This court has decided to the contrary. In *Wheat* v. *Smith,* 50 Ark. 266, the court, speaking through Chief Justice COCKRILL, concerning the usurpation statute, said: "It is necessary to recur to the object of the act to determine by and against whom an action under it may be maintained. The remedy being a substitute for and a modification of the proceeding by information in the nature of quo warranto, we may look to that proceeding to determine its character." The decision in that case was to the effect that the common-law remedy had been displaced by the usurpation statute to the extent that it applied, but that the later provisions of the Constitution of this State fixing the jurisdiction of courts in contested election cases repealed the usurpation statute to that extent. In later cases (*Payne* v.

*Rittman,* 66 Ark. 201; *Whittaker* v. *Watson,* 68 Ark. 555) it was decided that contests over municipal offices were within the usurpation statute, for the reason that they were not county offices within the meaning of the Constitution. It results therefore that this action challenging the right of appellee to hold the office of town marshal comes within the usurpation statute and must be governed by its terms.

The remaining question in the case is whether or not the action may be instituted by the prosecuting attorney. The statute quoted above provides that the prosecuting attorney may only bring such actions against persons who usurp county offices. We held in *State* v. *Higginbotham,* 84 Ark. 537, that such an action could not be brought by the prosecuting attorney against any officer except a county officer, adopting the definition given by the Supreme Court of the United States in *Sheboygan County* v. *Parker,* 3 Wall. 93, that "an officer of the county is an officer by whom the county performs its usual functions; its functions of government." The decisions cited, *supra* (*Payne* v. *Rittman; Whittaker* v. *Watson*), are decisive that municipal officers are not county officers within the meaning of the usurpation statute, so the action could not be brought by the prosecuting attorney. The circuit court has jurisdiction in such actions (*State* v. *Sams,* 81 Ark. 39), but, except in the case of county officers, suit must be instituted by the Attorney General. Appellee had the right to challenge the authority of the prosecuting attorney, even though he acted in the name of the State. And since it appears that the action was instituted without legal authority, the circuit court was correct in dismissing the complaint.

Affirmed.