### VANHOOSE *v.* MCGREGOR.

#### Opinion delivered February 28, 1927.

OFFICERS—USURPATION OF OFFICE—PARTIES.—Crawford & Moses' Dig., chap. 175, relating to usurpation of office, does not authorize private citizens to bring suit to oust a usurping county officer; the only persons authorized to bring such suits being the defeated candidate and the prosecuting attorney.

Appeal from Woodruff Circuit Court, Southern District; *E. D. Robertson,* Judge; affirmed.

*Avery M. Blount,* for appellant.

*J. F. Summers* and *Ross Mathis,* for appellee.

HUMPHREYS, J. Appellants, private citizens of Woodruff County, instituted this suit against appellee in the circuit court of the Southern District of said county to oust him from the office of sheriff and collector, upon the alleged ground that he was not qualified to hold the office by reason of the fact that he was not a qualified elector at the time he was a candidate for the office, or at the time he received his commission; that he had failed to assess his taxes, both poll and personal, for the year 1923, and that he had failed to be assessed as delinquent, but that his name was added to the poll-tax payers' list of Woodruff County by the tax collector. As an excuse for instituting the suit in their own names, they alleged that the prosecuting attorney of the district and the Attorney General of the State of Arkansas had refused to bring suit to test his right to hold the office, or to allow their names to be used for that purpose.

Appellee filed a demurrer to the complaint, alleging defect of parties plaintiff, and challenging the sufficiency of the complaint to state a cause of action, and also filed an answer denying the material allegations of the complaint. Appellants filed a motion, which was overruled by the court, to require appellee to elect whether he would stand upon his demurrer or upon his answer.

The cause was then submitted to the court upon the pleadings and the testimony adduced by the respective parties, with the result that the court found that appellee, at the time of his election and prior thereto, had legally assessed as required by law and was a qualified elector, and that the demurrer of appellee to the complaint was well taken, and should be sustained. A judgment was rendered in accordance with the findings, from. which is this appeal.

This action was brought under chapter 178 of Crawford & Moses' Digest, which provides against the usurpation of office. The statute does not confer authority upon private citizens to bring the suit. The only proper parties to the suit to oust one who has usurped a county office are the defeated candidate and the prosecuting attorney. The demurrer was properly sustained to the complaint on account of a defect of parties.

The judgment is affirmed.