SCOTT *v.* McCoy.

4-8367 · 206 S. W. 2d 440

Opinion delivered December 15, 1947.

*Jim C. Cole,* for appellant.

*Paul B. Young,* for appellee.

ED. F. McFADDIN, Justice. This appeal necessitates a decision as to the appellant's right to maintain such an action as was attempted by him.

Appellant, as a citizen and taxpayer, brought this action in the law court against appellee, as sole defendant. The complaint and amendment (each duly verified) alleged:

(1) that McCoy was claiming to be the city attorney of Malvern, and had drawn the salary for two months, and would continue to draw the salary unless enjoined;

(2) that McCoy had not been duly appointed as city attorney, because the council minutes—copy attached to the complaint—showed that McCoy's appointment was not made by resolution or ordinance as provided by law, and also showed that the individual vote of each member of the city council was not taken and recorded as provided by law;

(3) that McCoy had not signed the oath of office as city attorney, and was "a *de facto* officer and therefore not entitled to any salary, fees or other emoluments of the office."

(4) that the Attorney General of Arkansas had refused to bring this action, and so plaintiff brought it.

The prayer was, that McCoy should be ordered to repay the city the money already received by him, and should be enjoined from collecting or receiving any further sums from the city for services as city attorney. The defendant demurred generally and specifically to the complaint; and the court sustained the demurrer, and dismissed the complaint on the plaintiff's refusal to plead further. This appeal challenges that judgment.

*Appellant's Contentions.* In addition to urging that McCoy is not a *de jure* officer, appellant claims that this is a suit to protect the revenue of the city, and that such a suit can be prosecuted by any citizen and taxpayer, and he cites *Davis* v. *Wilson,* 183 Ark. 271, 35 S. W. 2d 1020. Appellant also says that, when the Attorney General refused to bring this action, then appellant could bring it as a citizen and taxpayer; and he cites *Griffin* v. *Rhoton,* 85 Ark. 89, 107 S. W. 380; *Gladish* v. *Lovewell,* 95 Ark. 618, 130 S. W. 579; and *Green* v. *Jones,* 164 Ark. 118, 261 S. W. 43.

*Appellee's Contentions.* Appellee claims that this is an action seeking to try McCoy's right to the office, and therefore cannot be brought by the plaintiff, as a citizen and taxpayer; and cites *Davis* v. *Wilson, supra.* Appellee

also says that an action like this one must be brought either (1) by the Attorney General in his capacity as such (citing *Vanhoose* v. *McGregor,* 172 Ark. 1012, 291 S. W. 422, and *Cherry* v. *Webb,* 196 Ark. 17, 115 S. W. 2d 865); or (2) by the person entitled to the office, in a proceeding under the usurpation statute (citing § 14326, Pope's Digest, and *State* v. *Tyson,* 161 Ark. 42, 255 S. W. 289). Appellee further says that, when the Attorney General refused to bring this action, the plaintiff's remedy was to proceed against the Attorney General by mandamus, and cites *Vanhoose* v. *Yingling,* 172 Ark. 1009, 291 S. W. 420, 51 A. L. R. 559.

## OPINION

Without lengthening this opinion by commenting on the various contentions, we hold that the trial court was correct in sustaining the demurrer. It is reasonably clear that this was not a suit to protect the revenue, but was an action to try McCoy's right to the office of city attorney. A suit to protect the revenue is in equity. The plaintiff brought this as an action at law. See *Davis* v. *Wilson, supra.*

As an action at law, a proceeding of this nature cannot be brought by a citizen and taxpayer, but must be brought either by the Attorney General, or by the person entitled to the office in a proceeding under the usurpation statute, *supra.* The situation in the case at bar is similar to that recited in *Vanhoose* v. *McGregor, supra;* and the holding in that case is ruling here. There, Vanhoose and other citizens of Woodruff county instituted an action to oust McGregor from the office of sheriff, claiming that he was not a qualified elector. They alleged that both the prosecuting attorney and the Attorney General had refused to institute the action. The trial court sustained McGregor's demurrer to the complaint; and, on appeal, we said:

"This action was brought under Chapter 178 of Crawford & Moses' Digest,* which provides against the usurpation of office. The statute does not confer author-

---

* That was the usurpation statute, which is now Chapter 164. Pope's Digest.

ity upon private citizens to bring the suit. The only proper parties to the suit to oust one who has usurped a county office are the *person entitled to the office,*[**] *or* the prosecuting attorney. The demurrer was properly sustained to the complaint on account of a defect of parties."

If we substitute the words "Attorney General" for "Prosecuting Attorney,"[***] then, the above quotation is decisive of this case.

Affirmed.

[**] In *Cherry* v. *Webb,* 196 Ark. 17, 115 S. W. 2d 865, we made the italicized language read as here quoted.
[***] See *State* v. *Tyson, supra.*