LOGAN *v.* HARRIS.

4-8464

210 S. W. 2d 301

Opinion delivered March 8, 1948.

*D. B. Bartlett* and *W. J. Morrow*, for appellant.

*Linus A. Williams* and *J. H. Brock*, for appellee.

McHANEY, Justice. Appellant is a justice of the peace in the City of Clarksville. Appellee was the mayor of said city, and, under ordinances 375 and 376, which undertook to establish a municipal court for said city, he was named therein as the judge of said court. After the adoption of said ordinances, the first on June 30, 1947, and the second on July 17, 1947, appellant issued a warrant against appellee for his arrest on a charge of misdemeanor and assumed jurisdiction to try him on said

charge. Appellee sought a writ of prohibition from the circuit court on the ground that after the establishment of a municipal court by said ordinances, appellant's justice court had no jurisdiction of misdemeanors committed in the city. Appellant answered denying the validity of said ordinances, the establishment of a municipal court and attacking the qualifications of appellee to be the judge of said court, if established, on the grounds that appellee is not a lawyer, as required by general statutes, and that as mayor, he was a member of the city council and could not accept appointment to an office, or compensation, under an ordinance passed while he was such mayor or member of the council.

Trial resulted in a judgment awarding the writ against appellant and he has appealed.

Appellee moves to dismiss the appeal because the motion for a new trial was not filed in 30 days after judgment. The judgment was filed and entered August 8, 1947, and the motion for a new trial was filed on September 4, well within the 30 days allowed by § 1539 of Pope's Digest.

On the merits, all the facts are stipulated. Ordinance 375 provides for the establishment of a municipal court in Clarksville "under the provisions of Act No. 60 of the General Assembly, for the year 1927, and all acts amendatory thereto." Appellee, Sam Harris, was found to possess the necessary qualifications and was declared elected "to serve as such municipal judge until the next regular election." Ordinance 376 does the same thing as ordinance 375, except it establishes a municipal court under the provisions of Act No. 128 of 1947, and provides in § 3, that: "A citizen qualified elector, residing within the corporate limits of the City of Clarksville, who has served in the capacity of mayor or justice of the peace for one year or more, shall be deemed eligible for appointment as municipal judge by the city council for the term provided by this ordinance." Appellee was elected to said office "until the next regular city election."

It is stipulated that appellee did not qualify under ordinance 375, but did under ordinance 376. Neither

ordinance expressly repeals any other ordinance. It is appellant's contention that No. 376 repeals No. 375 by implication and that No. 376 is void because passed under the provisions of Act 128 of 1947.

We agree with appellant that ordinance 376 was not effective to establish a municipal court in the City of Clarksville under Act 128 of 1947, because it became a city of the second class in 1920, and, under the express provisions of Act 128 of 1947, it applies only to county seat municipalities that become cities of the second class under the provisions of § 9484 of Pope's Digest, as amended by Act No. 211 of 1939. Section 9484 was § 1 of Act 334 of 1937, and, since Clarksville was made a city of the second class in 1920, as it is stipulated, it could not have been made such under § 9484. So, we conclude that Ordinance 376 was ineffectual to establish a municipal court under the provisions of Act 128 of 1947.

We do agree that Ordinance 375 did create and establish a municipal court in said city, under the authority of Act 60 of 1927, and amendatory acts. The ordinance conferred on said court: "All the authority, duties, responsibilities, jurisdiction and limitations as provided for such courts under the laws of the State of Arkansas." It abolished the mayor's court then in existence. One of the matters of exclusive jurisdiction over that of justices of the peace of the township in which the municipal court is situated is that of misdemeanors committed therein. Section 9905, Pope's Digest. So, the trial court properly granted the writ of prohibition here, unless it may be said that the election of appellee as judge of said court is void, because he was, and is ineligible for election or appointment by the city council. It is stipulated that appellee is not a lawyer. Section 9900 of Pope's Digest sets out the qualifications for such a judge, but we do not determine the question of appellee's title to the office in this proceeding. If the court was created, and we so hold, under Ordinance 375, appellant's jurisdiction of the misdemeanor case before him terminated and became vested in the municipal court, as the trial court properly held. Appellant, a private litigant, had no right to question appellee's title to the office of municipal judge in

this proceeding. *Cherry v. Webb*, 196 Ark. 17, 115 S. W. 2d 865; *Vanhoose v. McGregor*, 172 Ark. 1012, 291 S. W. 422. These cases hold that, under the usurpation statute, Chap. 164, Pope's Digest, whenever a person usurps an office to which he is not entitled, it is the duty of the prosecuting attorney, if a county office, and of the attorney general, if any other office, or the person entitled to the office, to institute an action to prevent the usurper from performing the duties of the office. "The statute does not confer authority upon a private citizen to bring the suit." *Cherry v. Webb, supra.*

In *Smith v. State, ex rel. Duty*, 211 Ark. 112, 199 S. W. 2d 578, we held that the prosecuting attorney could bring an action under said statute for a county office only, and could not bring suit to oust one from office of municipal judge, since it was a municipal and not a county office, but that the attorney general could. See, also, *Scott v. McCoy*, 212 Ark. 574, 206 S. W. 2d 440.

The distinction between this case and the recent cases of *Howell v. Howell* and *Stevens v. Stevens, infra,* p. 298, 208 S. W. 2d 22, involving the second division of the Pulaski Chancery Court, is that in those cases the court held the act attempting to create the second division of said court was unconstitutional and void and, therefore, the incumbent's title to the office could be questioned collaterally by a litigant in said court, while in the case at bar ordinance No. 375 did create a municipal court in Clarksville, and the fact that it named a judge of said court who was ineligible to serve because not a lawyer, or for any other reason, cannot be raised in this proceeding.

The judgment from which is this appeal held that the municipal court was created under said ordinances, prohibited appellant from proceeding further in the criminal case before him and ordered appellant to transfer said case and the record thereof to said municipal court and filed therein. No judgment was entered as to the competency of appellee to serve as municipal judge.

We agree with this judgment and it is accordingly affirmed.

Justice McFADDIN, concurs.

ED. F. McFADDIN, Justice (concurring). I concur in order to particularly call attention to the fact that I can see no real distinction between the holding in the case at bar and the majority holding in *Howell* v. *Howell* (opinion of January 12, 1948, *infra*, p. 298, 208 S. W. 2d 22). If there is no real distinction between the two cases, then the effect of the instant opinion is to cast a grave doubt on the ruling effect of *Howell* v. *Howell*; and this— I hope—is true.

In *Howell* v. *Howell* those of us in the minority insisted that Act 42 of 1947 created a court; and that the court was *de jure* and the appointee was *de facto*. But the majority held that the Act creating the court was void in its entirety, since the Act undertook to appoint the judge by an unconstitutional procedure. Here is the language of the majority in *Howell* v. *Howell*:

Argument that the creative sections—1, 2 and 3— would not have been enacted had it been known the vacancy could be filled only by executive appointment or election, finds support in the fact that the three sections lead logically into § 4. It is our view that the Act was intended as a whole. It was a new departure. Legislators must have been cognizant of the unusual power they were attempting to exercise and unquestionably there was doubt regarding constitutionality of the method adopted; and yet, in spite of this, no alternative was expressed— only the provision for an election to be held more than twenty months in the future.''

Ordinance No. 375 of Clarksville, Arkansas (upheld in this present case) undertook to do exactly the same thing as regards the creation of a municipal court that Act 42 of 1947 attempted to do towards the creation of a second division chancery court. The ordinance No

375 is copied in its entirety in a footnote to this concurring opinion.* In *Howell* v. *Howell* the majority struck down the entire legislative enactment, whereas here we are sustaining all of the ordinance except the appointive section, which is § 3 of the ordinance. I submit that § 3 of the ordinance is similar in all respects to § 4 of Act 42 of 1947, and that the holding in the present case cannot be reconciled with the holding of the majority in *Howell* v. *Howell*.

* Ordinance No. 375 reads: "An Ordinance Establishing a Municipal Court in the City of Clarksville, Johnson County, Arkansas, Under the Provisions of Act No. 60 of the Acts of the General Assembly of Arkansas for the Year 1927, and all Acts Amendatory Thereto, Fixing the Salary of the Municipal Judge and the Salary of the Clerk of the Municipal Court and Naming the Person to Serve as such Judge Until the Next General City Election, and for Other Purposes. Be it Ordained by the City Council of the City of Clarksville, Arkansas:

"Section 1. There is hereby created a Corporation Court for the City of Clarksville, Johnson County, Arkansas, to be styled 'Municipal Court of Clarksville, Arkansas,' which said Court shall be a Court of record, having a seal with the name of the State in the center and the words 'Municipal Court of Clarksville, Ark., around the margin. This court is hereby created under the provisions of Act No. 60 of the General Assembly of the State of Arkansas for the year 1927, and all Acts amendatory thereto, and shall have all the authority, duties, responsibilities, jurisdiction and limitations as provided for such Courts under the laws of the State of Arkansas, and the Mayor's Court heretofore existing in said City is hereby abolished.

"Section 2. All provisions of the laws of the State of Arkansas, relative to such Courts are hereby adopted, and the salary of the Judge of the Municipal Court shall be $1,800 per year, payable in equal monthly installments, and the salary of the Clerk of said Court shall be $600 per year, payable in equal monthly installments. The Municipal Judge shall have the privilege of acting as his own clerk, and when so doing, his salary shall be $2,400 per year payable in equal monthly installments while so acting.

"Section 3. Sam Harris, a citizen and qualified elector of the City of Clarksville, Arkansas, having been found to possess all the qualifications in compliance with the law to serve as Municipal Judge, is hereby elected to serve as such Municipal Judge until the next regular city election.

"Section 4. If any part of this ordinance shall be held to be unconstitutional or void for any reason, the same shall not affect the remainder of said ordinance not so held.

Section 5. Whereas it is found by the City Council that confusion exists by reason of present methods of law enforcement in the City and County, and by reason of the present set-up of Courts, an emergency is hereby declared, and this ordinance being deemed necessary for the preservation of the public health, peace and safety of the City of Clarksville, in Johnson County, Arkansas, shall take effect and be in force immediately from and after its passage and approval and publication.

"Passed and approved this 30th day of June, 1947."

In the present case the majority attempts to make this distinction:

"The distinction between this case and the recent cases of *Howell* v. *Howell* and *Stevens* v. *Stevens,* involving the second division of the Pulaski Chancery Court, is that in those cases the court held the Act attempting to create the second division of said court was unconstitutional and void and, therefore, the incumbent's title to the office could be questioned collaterally by a litigant in said court, while in the case at bar ordinance No. 375 did create a municipal court in Clarksville, and the fact that it named a judge of said court who was ineligible to serve because not a lawyer, or for any other reason, cannot be raised in this proceeding."

I submit that the foregoing distinction is not a sound one, and that the effect of the holding in the case at bar is to cast grave doubt on the ruling effect of *Howell* v. *Howell,* insofar as concerns those portions of the opinion relating to (a) the severability clause and (b) the *de facto* court. Believing that *Howell* v. *Howell* is wrong on these two points, I am happy to concur in the present opinion.