DRENNEN v. BENNETT, ATTY. GENERAL.

5-1817                                           322 S. W. 2d 585

Opinion delivered April 6, 1959.

*Macom & Moorehead,* for appellant.

*Bruce Bennett, Atty. General, By Ben J. Harrison, Asst. Atty. General,* for appellee.

ED. F. McFADDIN, Associate Justice. From a judgment sustaining a demurrer to the complaint and dismissing the cause of action, the plaintiffs bring this appeal. The issue presented to us is whether the complaint stated a cause of action for mandamus against Hon. Bruce Bennett, Attorney General of Arkansas.

Drennen and others, as citizens, taxpayers, and sportsmen residing in the present 6th Congressional District, alleged in their complaint:

(1) That Arkansas Constitutional Amendment No. 35 (adopted by the people in 1944) provided that the Arkansas State Game and Fish Commission (hereinafter called ''Commission'') should consist of seven members to be appointed by the Governor; and that the Amendment stated in § 2 thereof: ''Each Congressional District must be represented on the Commission''.

(2) That F. H. McCormack of Stuttgart (in the 6th Congressional District) was a member of the Commission until his term expired in 1956; and that the Governor then appointed Riley M. Donoho of Fort Smith (in the 3rd Congressional District) as a ''member at large'' on the Commission; and that since 1956 there has been no one on the Commission ''. . . appointed to represent the 6th Congressional District of the State of Arkansas''.

(3) That Dr. J. H. Burge of Lake Village (in the present 6th Congressional District) was appointed in 1953 as a ''member at large'' and is still serving on the Commission; but that Dr. Burge is a ''member at large'' and does not ''represent the 6th Congressional District''.

(4) That the plaintiffs had requested Hon. Bruce Bennett, Attorney General of Arkansas, to institute *quo warranto* proceedings to oust Riley M. Donoho as a usurper, since he resides in the 3rd Congressional District, but the Attorney General had refused to institute such proceedings against Donoho.

(5)   That the Attorney General should be compelled by mandamus to institute and prosecute such ouster proceedings against Donoho.

Bennett, as Attorney General, filed a general demurrer to the complaint, which was sustained; the plaintiffs refused to plead further; and now appeal from the dismissal of their complaint.   At the outset, it is clear that the plaintiffs selected the correct procedure for presenting the issue for judicial determination.   In *Vanhoose* v. *Yingling*, 172 Ark. 1009, 291 S. W. 420, we held that, since private citizens could not directly prosecute usurpation proceedings, the remedy of such citizens was to apply to the proper official to institute such usurpation proceedings; and that if such official refused to act, then the private citizens could proceed against him by mandamus.[1]   See also *Scott* v. *McCoy*, 212 Ark. 574, 206 S. W. 2d 440.   Since a State Commission is involved in the case at bar, the Attorney General would be the proper person to institute such proceedings, if they should be instituted.   See § 34-2201, § 34-2203, and § 34-2205 Ark. Stats.

The real issue is: have the plaintiffs alleged facts which show, at all events, a violation of the language of Amendment No. 35, which says: "Every Congressional District must be represented on the Commission"?   We conclude that the plaintiffs have failed.   The complaint recited that Dr. J. H. Burge of Lake Village, in the present 6th Congressional District, was at all times herein in-

---

[1] In *Vanhoose* v. *Yingling, supra*, Mr. Justice Frank G. Smith stated the limits of a mandamus proceeding such as is the one in the case at bar: "A general statement of the law as applied to the facts of this case is as follows: The prosecuting attorney has the discretion to determine for himself whether a county officer is usurping the office, and, if he concludes that there is no usurpation under the facts as he finds them to be, he is under no duty to act because some citizen, on the same state of the facts, has reached a different conclusion as to the eligibility of the officer.   But, where an honest judgment, intelligently exercised, can lead to only one conclusion, and that conclusion is that the officer is not eligible to hold the office, then there is no discretion, because the officer whose duty it is to act can then only determine whether he will obey the law and perform his duty, or will ignore the law and leave his duty unperformed.   No such discretion as this is vested in any officer, and under such circumstances, the prosecuting attorney may be compelled to act."   Substituting "Attorney General" for "Prosecuting Attorney" in the paragraph quoted, gives us the governing rule in the case at bar.

volved a member of the Commission: so the present 6th Congressional District has at all times had on the Commission a resident from that district. The fact that Dr. Burge was and is designated as "member at large" does not gainsay the fact that he resides in the present 6th Congressional District. Adding the words, "member at large", did not change his residence any more than placing "Dr." in front of his name limited him to the representation of his profession. The words in the Amendment No. 35 are, "Each Congressional District must be represented on the Commission". When read in context with the entire amendment, these words do not mean that the voters of each Congressional District *elect* a representative, because the Amendment says that the Governor shall appoint. So the quoted words in the Amendment really mean that in appointing the members of the Commission, the Governor must make sure that at all times there is a resident of each and every Congressional District on the Commission.

We know — as we may in the exercise of the power of judicial notice — that when the Amendment No. 35 was adopted in 1944, Arkansas had seven Congressional Districts; that by reason of the 1950 census Arkansas was reduced to six Congressional Districts. Thus, since Act No. 297 of 1951 reapportioned the Counties[2] in the various Congressional Districts, there have been more members on the Commission than there have been Congressional Districts. The custom has grown up that the extra member would be called "member at large", as long as there was already another resident from that District on the Commission. But the words, "member at large", do not change the residence of the appointee. Dr. Burge resides in Chicot County, which is in the present 6th Congressional District, so that District is "represented on the Commission" within the spirit and intent of the Amendment No. 35.

---

[2] Arkansas Statutes § 3-501, in the volume published in 1947, listed the Counties that composed the various Congressional Districts until the reapportionment under Act No. 297 of 1951. The 1956 Replacement Volume of Ark. Stats. contains §§ 3-509 *et seq.*, which list the Counties composing the various Congressional Districts, as determined by Act No. 297 of 1951.

In the oral argument before this Court, appellant made the contention — not contained in the pleadings — that when Amendment No. 35 was adopted in 1944 it "froze" the Congressional Districts insofar as the Amendment No. 35 was concerned. That is to say, appellant argued that the words, "Each Congressional District must be represented on the Commission", meant that each Congressional District *as Congressional Districts were constituted in* 1945 must be represented on the Commission. We think such contention is unsound for at least two good reasons of statutory construction.

In the first place: constitutional provisions operate prospectively and do not operate retrospectively unless the language used or the purpose of the provision indicates that such operation was intended (16 C. J. S. 121). If the framers of Amendment No. 35 had intended to say what the appellants now claim, then the framers of the Amendment would have said, "Each Congressional District *as now constituted* must be represented on the Commission". The failure to place the italicized words in the Amendment shows the fallacy of the appellants' argument.

Secondly: we know that when the Amendment No. 35 was adopted, there had been, theretofore, a series of Acts changing the Congressional Districts in Arkansas; and if the framers of the Amendment had intended that the Congressional Districts could not be changed, insofar as Amendment No. 35 was concerned, they would have been obliged to say so. By the Act of January 3, 1853, Arkansas was divided into two Congressional Districts: by the Act of April 24, 1873, there were four Congressional Districts: by the Act of March 23, 1883, there were five Congressional Districts: by the Act of April 9, 1891, there were six Congressional Districts: and by the Act of May 23, 1901, there were seven Congressional Districts. So, with a long history of changes in Congressional Districts, it was certainly clear that Congressional Districts would continue to be changed as population requirements rendered such changes necessary or advisable. So the Amendment No. 35 did not "freeze" the Counties comprising the various Congressional Districts.

We reach the conclusion that the Attorney General was correct in refusing to institute usurpation proceedings, as requested by the plaintiffs; and that the demurrer to the complaint was properly sustained.

Affirmed.