Ms. Mary Lynn Reese, Chairman Arkansas Ethics Commission 2020 W. Third Street, Suite 300 Little Rock, Arkansas 72205
Dear Ms. Reese:
This is in response to your request for an opinion on three questions regarding the legality of a recent appointment made to the Ethics Commission by the Speaker of the House. The facts indicate that a former commissioner, Dr. Kerry Pennington, recently resigned. Under the applicable statutes, the vacancy is to be filled by an appointment by the official holding the office responsible for appointing the predecessor. See A.C.A. §7-6-217(d). In this instance, this official was the Speaker of the House. Specifically, you inquire whether the appointment made is valid in light of the fact that the appointee is not a member of a "minority party,"[1] and if the appointment is invalid, what legal means are available to remedy the appointment. You also ask who has the obligation and/or authority to challenge the appointment.
Although the issues you have raised may be subsequently impacted by any decision in Spradlin v. Arkansas Ethics Commission (No. 91-2177), currently pending in Pulaski County Circuit Court, or an appeal thereof, the precise questions you have posed do not appear to be the subject of that litigation. With this in mind, I will therefore address your questions in the order in which they are posed.
Your first question is whether the appointment of a commissioner who is not of the "minority party" complies with A.C.A. §7-6-217(b) (Cum. Supp. 1991), and § 7-1-101(7) (Cum. Supp. 1991).
It is my opinion that the answer to your question is "no."
The former statutes provides in subsection (b) that:
 In making appointments to the commission, the appointing officials shall insure that at least one member of a minority race, one woman, and one member of a minority political party, as defined in § 7-1-101(7), serves on the commission.
This statute requires the "appointing officials" to "insure" that a member of a minority political party serves on the commission. In my opinion, this language requires the appointing officials to make sure that at all times there is a member of a minority political party on the commission. Support for this conclusion can be found in the case of Drennen v. Bennett, 230 Ark. 330,322 S.W.2d 585 (1959). In Drennen, the appointment of an Arkansas Game and Fish Commissioner was challenged because it was alleged that his appointment did not comply with the requirement in Amendment 35 that "Each Congressional District must be represented on the Commission." The Arkansas Supreme Court held that this quoted language meant that ". . . the Governor [the appointing official] must make sure that at all times there is a resident of each and every Congressional District on the Commission." 230 Ark. at 333. It is my opinion, similarly, that when a vacancy occurs on the Arkansas Ethics Commission, for any reason, or occurs upon the expiration of a regular term of a commissioner, the official who has the appointive power over the vacancy must "insure" that any appointment made fulfills the requirements of A.C.A. § 7-6-217(b).
Your second question inquires, if the appointment discussed above is unlawful, what legal means are available to remedy the improper appointment. In my opinion, the possible causes of action to either oust the appointee or to have the appointment declared null and void are a "quo warranto" proceeding brought by the Attorney General, a "usurpation" action brought by the Attorney General, or a taxpayer lawsuit under the provisions of Arkansas Constitution, art. 16, § 13.
The first proceeding is an ancient one, which may only be brought by the State. See Moody v. Lowrimore, 74 Ark. 421 (1905). The second action, the "usurpation" action, is a statutory action codified at A.C.A. § 16-118-105(1987). This statutory procedure is "in lieu" of the ancient writ of quo warranto. SeeState ex rel. Robinson v. Jones, 194 Ark. 445 (1937). This statute was enacted to enlarge the remedy formerly afforded by information in the nature of quo warranto, so that a person who would have been the "relator" in a quo warranto action (a party entitled to the office) could also institute the proceeding. See Wheat v. Smith, 50 Ark. 266 (1887). Where membership on a state commission is at issue, the statute authorizes the Attorney General or the person entitled to the office to institute the proceeding. See A.C.A. §16-118-105(b)(1), (b)(1)(B), and Drennen, supra at 332. The third possible cause of action to "remedy" the improper appointment is a taxpayer suit, under the provisions of Arkansas Constitution, art. 16, § 13, sometimes called the "illegal exaction" provision. A similar action was instituted in White,Governor v. Hankins, 276 Ark. 562, 637 S.W.2d 603 (1982), wherein a gubernatorial appointment to the Arkansas Highway Commission was challenged on similar grounds as in the Drennen
case (i.e., representation of Congressional Districts). The court cited previous case law for the proposition that ". . . under Art. 16, § 13 . . . each citizen and taxpayer has an interest, where his pecuniary or property rights are involved, in seeing that no administrative board shall discharge its duties in a manner violative of the statute creating it." The court reasoned that because the State Highway Commission is entrusted with the authority and responsibility, among other things, to expend large sums of state funds, the plaintiff had standing under art. 16, § 13. Cf. also Spradlin v. Arkansas Ethics Commission,314 Ark. 108, 858 S.W.2d 684 (1993) (taxpayer suit utilized to challenge an appointment to the Ethics Commission); Beshear v.Ripling, 292 Ark. 79, 728 S.W.2d 170 (1987); and Jones v.Clark, Attorney General, 278 Ark. 119, 644 S.W.2d 257 (1983).
Your third question inquires as to who has the obligation and/or authority to challenge an improper appointment to the Arkansas Ethics Commission. In my opinion, the only officer who could be said to have the "obligation" to challenge the appointment is the Attorney General. The Arkansas Supreme Court has recognized that the obligation of the Attorney General to institute either quowarranto or a statutory usurpation action may be enforced by mandamus if "an honest judgment, intelligently exercised, can lead to only one conclusion, and that conclusion is that the officer is not eligible to hold the office." See Drennen,supra at 332, relying on Vanhoose v. Yingling, 172 Ark. 1009,291 S.W. 420 (1927). "In such cases there is no discretion, because the officer whose duty it is to act can then only determine whether he will obey the law and perform his duty, or will ignore the law and leave his duty unperformed." Id.
It is also my opinion that any Arkansas taxpayer with standing would have the "authority" to challenge the appointment, as discussed above.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Your question assumes that that appointee is in fact not a member of a "minority party." This fact is therefore assumed herein.