The Honorable H.G. Foster Prosecuting Attorney Twentieth Judicial District 801 Locust, P.O. Box 1105 Conway, Arkansas 72032
Dear Mr. Foster:
I am writing in response to Deputy Prosecuting Attorney Angela A. Byrd's request for an opinion on the eligibility of a school board member to retain his office. Specifically, the question involves the "appropriate action that should be taken in a case where an elected school board official has a prior criminal record from another state, and that state has pardoned the individual but not expunged the record." Ms. Byrd notes that "[t]he conviction occurred in the late 1970's" and that "[t]he individual affirmed in his candidate information and voter registration that he was not a convicted felon, and was eligible to hold this elected position." The question presented is "whether an individual in these circumstances is eligible to hold elected office or must be removed by action of the prosecuting attorney."
RESPONSE
In my opinion the eligibility of the school board member to retain his position depends upon the facts surrounding his conviction. The pertinent facts are ordinarily contained in the commitment papers and any other relevant documents. I have not been provided with these documents and thus cannot determine the matter conclusively. I can state, however, that under Arkansas law a pardon is not sufficient to restore eligibility to public office after a disqualifying conviction. An expungement, on the other hand, is sufficient to restore such eligibility. In addition, some criminal judgments do not amount to "convictions" in the first instance, and do not act as disqualifying events. The relevant criminal orders must be scrutinized to determine the matter in a given instance. I have set out the applicable law below.
Arkansas Constitution, art. 5, § 9 provides that: "[n]o person hereafter convicted of embezzlement of public money, bribery, forgery or other infamous crime shall be eligible to the General Assembly or capable of holding any office or [sic] trust or profit in this State." Additionally, A.C.A. § 16-90-112(b) provides that "[e]very person convicted of bribery or felony shall be excluded from every office of trust or profit and from the right of suffrage in this state."[1]
It is clear in Arkansas that any felony is an "infamous crime" sufficient to disqualify a person under article 5, § 9. Powers v. Bryant,309 Ark. 568, 832 S.W.2d 232 (1992) (stating that "[t]his constitutional provision prohibits convicted felons from `holding any office or trust or profit in this state.'"). See also, A.C.A. § 16-90-112 (b). In my opinion, additionally, article 5, § 9 renders ineligible for public office any person convicted of a misdemeanor, if the misdemeanor is one that involves deceitfulness, untruthfulness, or falsification, because in these cases the misdemeanor will constitute an "infamous crime." See
Op. Att'y. Gen. 94-106 for a more complete discussion of this issue.
In my opinion the two provisions quoted above (art. 5, § 9 and A.C.A. §16-90-112(b)) are applicable to the office of school board director. Cf.Martin v. Hefley, 259 Ark. 484, 533 S.W.2d 521 (1976) (defeated candidate's art. 5, § 9 challenge to elected school board member's service based on earlier two-year suspended sentence for burglary dismissed for lack of standing and fact that suspended sentence was insufficient to disqualify).[2] In my opinion, additionally, an out-of-state conviction can be sufficient to trigger ineligibility. Seee.g., Wier v. Peterson, 369 A.2d 1076, 1080 (Del. 1976) (stating that "[a] majority of states which have considered this problem have held that the term `conviction', when used in such a specific disability provision, includes a foreign conviction" and also stating that "it is the nature of the offense which renders a person ineligible to hold public office, not the place where it occurred.") See also Op. Att'y. Gen.96-304 (discussing the disqualifying effect of an Alaska criminal judgment) and Op. Att'y. Gen. 91-342 (discussing the disqualifying effect of a Nevada criminal judgment).
A pardon is not sufficient to restore eligibility under art. 5, § 9. SeeRidgeway v. Catlett, 238 Ark. 323, 379 S.W.2d 277 (1964); State ex rel.Attorney General v. Irby, 190 Ark. 786, 81 S.W.2d 419 (1935), cert.denied, 296 U.S. 616 (193); and State v. Carson, 27 Ark. 469 (1872). Seealso generally, In re Petition of Anderson, 312 Ark. 447, 851 S.W.2d 408
(1993) and 58 A.L.R. 3d 1191 (stating that there is general agreement among the courts that the granting of a pardon will not restore him to public office which he has forfeited as a result of his conviction).
An expungement, however, is sufficient to restore such eligibility. SeePowers v. Bryant, 309 Ark. 568, 832 S.W.2d 232 (1992). Cf. also, A.C.A. § 7-6-102 (b),(c) and (d) (requiring candidates to file political practices pledges certifying that they have "never been convicted of a felony in Arkansas or in any other jurisdiction outside of Arkansas" but authorizing the signing of such a pledge by a person whose record was expunged in accordance with Arkansas law or a similar expunction statute in another state if the candidate produces a certificate of expunction).See also A.C.A. § 6-14-101 (applying the general election laws to school elections insofar as they are not in conflict).
In addition, issues may arise as to whether a particular court disposition (e.g., a "suspended imposition of sentence") is ever considered a "conviction" for purposes of the prohibitions above. In Arkansas, the entry of a suspended imposition of sentence does not, in some cases, ever result in the entry of a "conviction." See, e.g.,
A.C.A. §§ 5-4-301(d) (Supp. 2001); 5-4-311(b) (Supp. 2001) and 16-93-303
(Supp. 2001). It has thus been held in such cases that a suspended imposition of sentence is not sufficient to create ineligibility to hold public office. See Martin v. Hefley, 259 Ark. 484, 533 S.W.2d 521 (1976) and May v. Edwards, 258 Ark. 871, 529 S.W.2d 647 (1975). See also,Campbell v. State, 300 Ark. 570, 781 S.W.2d 14 (1989) (ousting county judge from office under art. 5, § 9, but stating that "if the judgment actually failed to impose a sentence . . . a different situation would be presented and a different result might be required"), citing Owens v.State, 86 Ark. 317, 111 S.W. 466 (1908) and Tucker v. State,248 Ark. 979, 455 S.W.2d 888 (1970). See also generally, Merritt v. Jones,259 Ark. 380, 533 S.W.2d 497 (1976); Op. Att'y Gen. 91-425 (opining that, for purposes of holding public office, a suspended imposition of sentence is not a conviction, but a suspended execution of sentence is); People v.Fabian, 192 N.Y. 443, 85 N.E. 672 (1908) (which appears to be the seminal case); Slawik v. Folsom, 410 A.2d 512 (Del. 1979); 10 A.L.R.5th 139 at § 11(b); 36 A.L.R.2d 1238 and later case service at 250.
As is evident from the discussion above, the individual facts of the criminal records at issue must be scrutinized in order to apply the law summarized above. If ineligibility exists, there is ample authority empowering the prosecuting attorney to institute a quo warranto action to oust the school board member. See Byrd v. State ex rel, 240 Ark. 743,402 S.W.2d 121 (1966) (prosecuting attorney successfully ousted school board member who also improperly served on county board of education) and Stateex rel. Robinson v. Jones, 194 Ark. 445, 108 S.W.2d 901 (1937) (prosecuting attorney had authority to institute quo warranto to oust school board member who acted as judge of his own election in violation of constitutional provision). See also A.C.A. § 16-118-105 (the so-called "usurpation statute," which is in lieu of the writ of quo warranto, and which authorizes the prosecuting attorney and the attorney general to remove certain usurpers from office); and Martin v. Hefley,259 Ark. 484, 533 S.W.2d 521 (1976) (affirming trial court's conclusion that eligibility of school board member to serve with previous criminal conviction could only be raised by the attorney general, prosecuting attorney, or one entitled to the office). In a clear case, the duties of the state officials may be enforced by mandamus. See Vanhoose v.Yingling, 172 Ark. 1009, 291 S.W. 420 (1927); and Drennen v. Bennett,Attorney General 230 Ark. 330, 322 S.W.2d 585 (1959).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Amendment 51 to the Arkansas Constitution now governs the qualifications of voters and requires the county clerk to cancel the registration of voters "[w]ho have been convicted of felonies and have not discharged their sentence or been pardoned." See Arkansas Constitution, Amendment 51, § 11(a)(4) (Supp. 2001).
[2] It should be noted that a separate statute governs the conviction of a sitting school board member during his or her service as such. See
A.C.A. § 6-13-612 (stating that whenever a member of a school board is convicted of a felony a vacancy shall exist on the school board, and requiring the prosecuting attorney who successfully prosecutes the school board member to notify the remaining members of the board).