The Honorable H.G. Foster Prosecuting Attorney Twentieth Judicial District 801 Locust, P.O. Box 1105 Conway, Arkansas 72032
Dear Mr. Foster:
I am writing in response to Deputy Prosecuting Attorney Angela Byrd's request for a follow-up opinion on the eligibility of a particular school board member to retain his office in light of a criminal conviction in the State of Maryland. I previously issued Op. Att'y. Gen. 2002-098, in response to a similar question posed by Ms. Byrd. In that opinion, I concluded that the board member's eligibility depends upon the sentencing documents attendant to the conviction. I will not entirely restate the substance of Opinion 2002-098 herein, but will merely summarize my conclusions as being that a felony conviction (and some misdemeanor convictions), even from another state, can disqualify a person to hold public office in Arkansas. A pardon is not sufficient to restore eligibility to office, but an expungement is sufficient. In addition, if the defendant received a "suspended imposition" of sentence, that is, if sentence was never imposed, the adjudication does not amount to a "conviction" under Arkansas law. I could not come to a definite conclusion in Opinion 2002-098 because I did not possess the relevant sentencing documents from the State of Maryland. Ms. Byrd has now forwarded the relevant sentencing documents and asks that I "scrutinize these documents to determine conclusively the underlying question of whether an individual in these circumstances is eligible to hold elected office or must be removed by action of the prosecuting attorney."
RESPONSE
The question now posed for my determination is at least to some degree a question of fact. I am not empowered as a fact-finder in the issuance of official Attorney General opinions. In addition, the official opinions I issue are advisory only, and do not carry the force of law. I thus cannot, as Ms. Byrd has requested, "determine conclusively" the underlying question of whether an individual in these circumstances is eligible to hold his office. A "conclusive" determination would have to come from the judicial branch. I can express my opinion, however, from a review of the documents at issue, that the individual in question appears to have received a suspended execution of sentence, rather than a suspended imposition of sentence. He was sentenced to five years in the Maryland Department of Correction, with sentence suspended and a three-year period of probation.[1] The "Clerk's Memorandum" detailing the history of the proceedings states that on April 12, 1973 "Defendant is sentenced by Judge Couch: Johnson, Reporter, to the jurisdiction of the Department of Correction for a period of five (5) years. Sentence is suspended and the Defendant is placed on active probation under the supervision of the Department of Parole and Probation for a period of three (3) years. . . ." A contemporaneous probation document detailing the "special conditions" of the Court first lists: "Five years MDC — sentence suspended."
Although these documents are not a model of clarity in revealing whether the defendant received a suspended execution of sentence as opposed to a suspended imposition of sentence, it does appear that sentence was imposed, with the execution thereof suspended. The Maryland Court of Appeals has recognized the distinction between a suspended execution of sentence (in which sentence is "imposed" at the time of original sentencing, with execution thereof suspended), and suspended imposition
of sentence, in which sentence is neither imposed nor executed at that time. Moats v. Scott, 358 Md. 593, 751 A.2d 462 (2000) (explaining previous decisions as far back as 1963 on this point, referring to former Maryland Code, Article 27, § 641A(a) (repealed in 2001), and characterizing suspended imposition of sentence as a "rather rare situation").
An adjudication with execution of sentence suspended is nonetheless a conviction for purposes of eligibility to office. Ms. Byrd noted in her earlier request that the individual was later pardoned, but the conviction was not expunged.[2] In my opinion, therefore, the documents provided indicate that the individual is ineligible to the office of school board member. The remedies for this state of affairs are discussed fully in Opinion 2002-098.[3] I will note as an additional matter, however, that any actions taken by an ineligible school board member while he is permitted to retain the office would be valid as those of an "officer de facto." See, on this point, Op. Att'y. Gen. 2001-321.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] None of the relevant Maryland documents so indicate, but I assume from the sentence imposed that the offense was a "felony."
[2] I have not received any documents with regard to the pardon or the effect thereof under Maryland law.
[3] Ms. Byrd asks for my scrutiny of the relevant documents to determine whether the individual is eligible for office or whether he "must be removed" by action of the prosecuting attorney. For a discussion of the discretion afforded the prosecuting attorney in such cases, seeVanhoose v. Yingling, 172 Ark. 1009, 291 S.W. 420 (1927) and Drennen v.Bennett, 230 Ark. 330, 322 S.W.2d 585 (1959).