MOODY v. LOWRIMORE.

Opinion delivered March 11, 1905.

| 74 | 421 |
| 75 | 443 |

1. INJUNCTION—JURISDICTION.—An action to restrain a mayor and
   recorder of a town from enforcing an ordinance thereof alleged to be
   void is a suit for injunctive relief, and should be brought in equity.
   (Page 423.)

2. INJUNCTION SUIT—CHANGE TO QUO WARRANTO.—An injunction suit
   could not be transformed into an action of quo warranto, or of infor-
   mation in the nature of quo warranto, in the absence of intervention
   by the State through her Attorney General. (Page 424.)

3. USURPATION STATUTE—CONSTRUCTION.—Jurisdiction in the circuit
   court to entertain an action by a town marshal to restrain the mayor
   and recorder from collecting liquor licenses, as being part of the
   official duties of the plaintiff, cannot be sustained under the statute
   relating to usurpation of office, Kirby's Digest, § 7983. (Page 424.)

Certiorari to Sebastian Circuit Court, Greenwood District.

STYLES T. ROWE, Judge.

Judgment quashed

STATEMENT BY THE COURT.

This is a petition by the mayor and recorder of the town
of Hartford for a writ of certiorari to bring here for quashal a
judgment of the Sebastian Circuit Court, Greenwood District,
in which W. Q. Lowrimore, town marshal, was plaintiff and
themselves and others were defendants.

The suit in question begun with a "petition for restraining
order" to said court, praying that the mayor and recorder be
restrained from enforcing a certain ordinance in the petition
attacked, and that the other defendants, who were alleged to be
applicants for liquor license, be restrained from paying the

amount required to obtain license from the town to the recorder as provided in said ordinance. The allegations leading to this prayer were that plaintiff, as town marshal, was entitled to collect all the licenses, fines, etc., particularly liquor licenses, and was to receive a commission on liquor licenses of ten per cent. of the amount collected. That the town had passed, or had attempted to pass, an ordinance regulating license, wherein it was provided that the applicants should pay the sum required of them to the recorder, and that the mayor and recorder were attempting, in derogation of plaintiff's rights and to his irreparable injury, to enforce its provisions, and that the town was insolvent.

The circuit judge, on the presentation to him of this petition, granted the restraining order as prayed, on condition that bond be given, and he ordered that on the filing of the petition the clerk insert in the summons to be issued thereon the restraining order.

The defendants, when thus brought into the circuit court, unsuccessfully demurred to the "petition for restraining order," and then filed response thereto. They set forth the town ordinance under which the mayor and recorder were acting, regulating the granting of liquor licenses. It provided that the applicants should pay $1,000 per annum, payable quarterly, to the recorder, and the mayor and recorder should issue the licenses. That Lowrimore was elected town marshal with the distinct understanding that his salary was to be $65 per month, and that he was to perform such service as the town desired of him in collecting licenses, fines, forfeitures, etc., without commission on the collections. That this course had been followed by the town and acquiesced in by Lowrimore during his term of office, and the liquor licenses had thereafter been paid to the recorder without any deduction of commissions to Lowrimore as marshal. The court heard evidence, which is here in the form of a certified transcript from the official stenographer, attached to the petition for certiorari and the transcript as an exhibit. While not technically in the record, it was treated on the argument as a part of the transcript, as if inserted therein. The evidence of the respective parties tends to prove, and to disprove, this contention: When Lowrimore was re-elected marshal, it was upon the distinct understanding that his compensation should be $65 per month,

and no commissions on licenses, fines, etc., instead of $40 per month, with the commissions on such collections as it had been theretofore. The evidence went to no questions .other than those raised in the pleadings, and presented fully the ordinances and orders in question, and on this hearing is only important as showing that the evidence was confined to the issues presented by the pleadings.

The judgment was as follows: "That the testimony in this case is sufficient to warrant the court in holding, and the court so holds, that this is a proceeding in the nature of quo warranto, and may proceed and be determined as such." Then the court finds that under the ordinances the marshal is the only person authorized to collect the fines, licenses, etc., particularly the liquor licenses, and it adjudges that no other person has the right to usurp or exercise the functions of said office; then gives judgment for costs in favor of the marshal, and concludes: "And that the city recorder and all other persons are hereby prevented from further exercising the offices of collector, either for liquor license or for other purposes, and are hereby prevented from using the office of collector for the purpose of collecting liquor licenses, taxes, licenses, fines and forfeitures."

Before the rendition of this judgment the defendants moved to dismiss the proceedings, which motion was overruled, and exceptions were noted to this, as well as overruling the demurrer.

*C. T. Weatherby* and *T. B. Pryor,* for appellant.

*Jesse A. Harp* and *Spradling & Evans,* for appellee.

HILL, C. J., (after stating the facts.) 1. It is provided in the act creating the chancery districts that when the chancellor is absent from the county the circuit judge may issue writs of injunction or restraining orders, "after the action has been commenced, but not before." Kirby's Dig. § 1294. This action began with an order for a restraining order to be inserted in the summons before the suit was filed. The complaint or "petition for restraining order," as it is called, asked no other than injunctive relief, and should have been brought in the chancery court. The judgment, while using different terms, is in effect a decree perpetually enjoining the mayor and recorder from enforcing the ordinance in question, and enjoining any one from interfer-

ing with the marshal's collection of the liquor licenses. This view of it renders the whole proceeding from summons to decree void; but it is sought to sustain it upon other grounds.

2. The court found from the testimony that this was "a proceeding in the nature of a quo warranto, and may proceed and be determined as such." The writ of quo warranto and information in the nature of quo warranto had a contemporaneous origin, but the procedure and remedy in each was originally different. The former a civil, the latter a criminal procedure. *State* v. *Ashley*, 1 Ark. 279. It is the practice in this court to disregard the distinctions between the writ of quo warranto and the information in the nature of quo warranto, when the original jurisdiction of this court is invoked. *State* v. *Leatherman*, 38 Ark. 81. In testing this judgment it will be looked to to see if it can be sustained as either quo warranto or information in the nature of it. The proceeding is thus defined: "Quo warranto, or information in the nature of quo warranto, is the remedy or proceeding whereby the State inquires into the legality of the claim which a party asserts to an office or franchise, and to oust him from its enjoyments if the claim be not well founded, or to have the same declared forfeited, and recover it, if, having once been rightfully possessed and enjoyed, it has become forfeited for misuser or nonuser." 2 Spelling on Injunctions and Other Extraordinary Rem. § 1765. Either form of this remedy must be prosecuted by the State or some public officer representing the sovereignty. Id. § § 1766, 1771, 1773. In this State the officer authorized by law to act for the State in the assertion of this prerogative of the sovereignty of the State is the Attorney General. Kirby's Dig. § 3464. Thus it is apparent that the metamorphosis of the injunction suit into the quo warranto could not be produced by the testimony in this case, and would have had to have been produced by the State intervening through her Attorney General.

3. In most States there are statutory actions authorizing a direct litigation between contesting claimants to an office or franchise. 2 Spelling, Inj. and Other Ex. Rem. § 1776. In this State it is provided by Kirby's Dig. § 7983, that either the State or the party entitled may bring an action at law to prevent an usurper from exercising an office or franchise. It is made the

duty of prosecuting attorneys to institute such actions in certain cases. Kirby's Dig. § 7984. This statute may be invoked by a town marshal or other municipal officer seeking to recover his office usurped by another. *Payne* v. *Rittman,* 66 Ark. 201. This suit cannot be treated as falling within the usurpation of office statute. This is no contest over the office of town marshal; it is a mere suit by the town marshal to force into his own hands the collection of the liquor licenses, so that he may receive commissions for their collections. If he is right in his contention that he is entitled to such fees, his remedy at law is plain, adequate, full and complete, and he needs no resort to injunction, quo warranto or any other extraordinary proceeding.

The court was not warranted in treating this proceeding as any other than what it purported to be, an injunction suit, and the circuit court had no jurisdiction to entertain it, and the judgment is void. The transcript containing the pleadings, orders and judgment is already filed, and the parties here have submitted the case, thereby waiving the issuance and return of the writ, and the order is that the judgment in question be quashed, annulled and set aside.