STATE, EX REL. ROBINSON, PROSECUTING ATTORNEY, v. JONES.

4-4768

Opinion delivered July 5, 1937.

*Lewis M. Robinson, Scott & Goodier* and *Neill Bohlinger,* for appellant.

*R. M. Priddy* and *Hays & Wait,* for appellee.

BUTLER, J. This action was begun by the filing of a complaint in the circuit court of Yell county signed by the prosecuting attorney and brought in the name of the state. W. H. McClure joined as a party plaintiff on the ground that he was a qualified elector of Dardanelle Spe-

cial School District and had a special interest in the cause of action set out in the complaint, the material allegations of which are summarized as follows: The defendant, Garrett Jones, (appellee here) at the time of the school election held in the district on March 20, 1937, was a director of said district. The election was for the purpose of electing two directors, one for a period of five years and another for a term of one year. Appellee was a candidate to succeed himself in the office of director and acted as a judge at said election, together with two other members of the board. Appellee and the other election officers conducted the election and certified the returns to the county judge of Yell county, as follows: "For school director—Garrett Jones 306 votes, W. H. McClure 300, Dr. E. J. Haster 289, Herman Green 287, * * *." Thereupon the appellee was certified as the school director for the five-year term and W. H. McClure for the one-year term.

The complaint recited certain constitutional and statutory provisions and alleged that under the same appellee was ineligible to hold the office of school director and McClure alleged that he, having received the greatest number of votes cast for any eligible candidate, is entitled to the office of school director for the five-year term. The prayer was that appellee be declared ineligible to hold the office of school director and that his present enjoyment of said office be declared to be a usurpation thereof and that he be ousted therefrom. The plaintiff, McClure, prayed in addition that he be declared to be the director for the five-year term. Appellee demurred to the complaint, first, because it did not state facts sufficient to entitle plaintiff to the relief sought and, second, that the complaint discloses a want of proper parties defendant. The court sustained the demurrer and dismissed the complaint. This appeal followed.

The questions involved in this appeal are: first, is McClure entitled to the relief prayed; second, is the prosecuting attorney authorized to bring the suit, and, third, is appellee a usurper within the meaning of our Constitution and statutory laws? We think McClure's interest and his right to the relief prayed is controlled

by the former decisions of this court to the effect that votes cast for an ineligible candidate will not entitle him who receives the next highest number of votes to the office sought. *Bohlinger* v. *Christian*, 189 Ark. 839, 75 S. W. (2d) 230, following the doctrine announced in the early case of *Swepston* v. *Barton*, 39 Ark. 549, and reaffirmed in *Storey* v. *Looney*, 165 Ark. 455, 265 S. W. 51, and *Collins* v. *McClendon*, 177 Ark. 44, 5 S. W. (2d) 734. As McClure did not receive the highest number of votes cast, he is not entitled to the relief for which he prayed.

It is contended that the prosecuting attorney had no authority to bring the action on the ground that the statute only authorized the institution of actions against persons who shall usurp county offices and that the office of school director is not a county office. We are of the opinion that, independent of this statute, the prosecuting attorney, as the representative of the state, is authorized to maintain actions in the nature of proceedings *quo warranto* to oust any and all persons from offices to which they are not eligible, or the right to hold which they may have forfeited. The substance of the remedy provided by the statutes, §§ 10326-10327 and 10329 of Crawford & Moses' Digest, remains the same as that at common law, and, since those statutes do not profess to declare the sole and exclusive remedy, the general rule is that the statutory remedy will be considered cumulative rather than exclusive of the remedies then existing. 51 C. J., chapter, *Quo Warranto*, § 18, sub-head, Statutory Remedy, p. 323. The fact that the statutory proceeding is in lieu of the ancient common-law writ does not abolish the remedies for which that writ was created. This was recognized in the case of *State* v. *Sams*, 81 Ark. 39, 98 S. W. 955, which was a proceeding brought by the state on relation of the attorney general in this court to oust one from the office of road overseer, and in which it was alleged that the present occupant of said office was a usurper. This court denied the petition and dismissed the same because it had no authority in cases of that kind to issue writs of *quo warranto* to prevent usurpation of the office of road overseer, but in that connection said: "As the law does not expressly vest jurisdiction to hear

and determine such an action in any other court, it falls within the general jurisdiction of the circuit court. The remedy for usurpation of office of road overseer is by an action in that court brought either by the state or the person entitled to the office.'' The case of *Whittaker* v. *Watson,* 68 Ark. 555, 60 S. W. 652, was one involving the right of an alleged usurper of the office of mayor of the city of Newport to hold said office. In that case the state and the claimant to the office were joined as parties plaintiff. The court held (quoting headnote No. 2): '' 'Whenever a person usurps an office or franchise to which he is not entitled by law, an action by proceedings at law may be instituted against him, either by the state or the party entitled to the office or franchise, to prevent the usurper from exercising the office or franchise,' a joint action for the usurpation of an office may be maintained by the state and the party entitled to the office.'' Section 10326, Crawford & Moses' Digest. Therefore, whether or not the office of school director be a county office within the meaning of the usurpation statutes is immaterial, and the prosecuting attorney was the proper party to institute proceedings even though McClure was improperly joined. See *Whittaker* v. *Watson, supra.*

Appellee was not eligible to fill the office voted on at the election of March 20, 1937. Section 10, art. 3, of the Constitution, cited by the appellants, is as follows:. ''Nor shall any election officer be eligible to any civil office to be filled at an election at which he shall serve—save only to such subordinate municipal or local offices, below the grade of city or county officers, as shall be designated by general law.'' Appellee's qualification as school director and his holding of said office amounts to a usurpation of office within the meaning of the statute cited, *supra.* Unless and until the General Assembly shall designate by general law subordinate municipal or local offices below the grade of city or county offices the quoted provision of the Constitution applies to any and all civil offices without respect to rank or grade. The General Assembly has not, by a general law, named subordinate municipal or local offices as exempt from the constitutional pro-

visions. Therefore, the same applies to the office of school director as well as to all other civil offices.

There is no contention that the election was irregular or that the condidates were not credited with the votes to which they were entitled. This would make no difference. If the appellee was ineligible, the number of votes actually cast for him or others is of no moment. If we assume that the office of school director is not a county office and might be exempted from the constitutional provision quoted, act No. 30 of the Acts of 1935 manifests no intention of exempting the office of school director from the prohibition of that section. It merely provides that generally members of the board of school directors shall serve as judges of election or shall designate three judges to serve in their stead, but it does not provide that any of such shall serve as a judge at an election at which he is a candidate, or that, one of their number being a candidate, the board shall designate other persons to serve as judges. We think sound public policy requires a strict and literal compliance with the provision of § 10, art. 3, *supra,* and that there should be no exemption from its provision unless made so by the Legislature in clear and unmistakable terms.

Our conclusion, therefore, is that the learned trial court erred in sustaining the demurrer. The judgment is accordingly reversed, and the cause remanded with directions that a judgment of ouster be entered as prayed by the state on relation of the prosecuting attorney.

SMITH and McHANEY, JJ., dissent.