Sanford L. BESHEAR, Jr. *v.* W.J. RIPLING, Mayor of the City of Rison, et al.

86-246                                                728 S.W.2d 170

Supreme Court of Arkansas
Opinion delivered April 27, 1987

*Sanford L. Beshear, Jr.*, for appellant.

*Armstrong & Binns*, by: *Murry F. Armstrong*, and *Bill*

*McLean*, Prosecuting Att'y, by: *Tom Wynne, III*, for appellee.

DAVID NEWBERN, Justice. The appellant, Sanford L. Beshear, Jr., filed a complaint alleging that he was a resident and taxpayer of Rison, Cleveland County, Arkansas. He alleged that one of the appellees, Ronnie A. Phillips, a resident of Dallas County, Arkansas, had been illegally made municipal judge of Rison and Cleveland County. The other appellees, who, along with Mr. Phillips, were defendants, included the mayor, city clerk, and city council members of the City of Rison and the members of the Cleveland County Quorum Court. Most of the thirty-four paragraphs of the complaint were devoted to allegations that Mr. Phillips was a usurper of the position of municipal judge because he had not taken the oath of office, had not been properly appointed, and had not been issued a commission. The appellant further alleged that he was an attorney at law and, presumably because he was the only attorney at law residing in Rison and Cleveland County, he was the only person eligible to hold the office of municipal judge for the city and for the county. In paragraph 30, the appellant alleged he was bringing the action as a taxpayer of Rison and of Cleveland County. In paragraph 31, he alleged that the salary of the municipal judge should be held in abeyance. The complaint sought declaration of a vacancy in the office, an order that the council and quorum court seek a lawful appointment by the governor to fill the office, and an order restraining Mr. Phillips from holding court.

After further pleadings by all parties, the mayor and council members filed a motion to dismiss the complaint on the ground that a usurpation action with respect to a municipal office could be brought only by the attorney general, and thus the appellant lacked standing. The other appellees adopted the motion as their own. In response to the motion, the appellant stated, in part, that the city and the county lacked the authority under the Arkansas Constitution to hire or elect Mr. Phillips as municipal judge. He argued that as a taxpayer he was authorized to bring an illegal exaction action according to Ark. Const. art. 16, § 13.

The action was dismissed solely on the basis that the appellant had no standing to bring a usurpation action. No mention was made in the court's order of the illegal exaction part of the complaint. We hold the dismissal of the illegal exaction

allegation of the complaint was reversible error.

In his brief in chief, the appellant argues the trial court erred in failing to declare the office vacant, in failing to find an illegal exaction, and in holding that usurpation was an exclusive remedy. In response, the appellees point out that as of January 1, 1987, the appellant assumed the office of municipal judge and that the issues raised by the appellant are now moot.

We agree with the appellees that the usurpation claims of the appellant are now moot. However, it was error for the trial court to ignore the appellant's illegal exaction claim. He clearly had standing as a taxpayer to pursue the relief authorized by Ark. Const. art. 16, § 13, which provides, "Any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever." It is self-executing, and it permits taxpayers to challenge the legality of expenditures of public funds. *Starnes* v. *Sadler*, 237 Ark. 325, 372 S.W..2d 585 (1963); *Samples* v. *Grady*, 207 Ark. 724, 182 S.W.2d 875 (1944).

The specific relief sought by the appellant with respect to his illegal exaction claim, that is, the holding in abeyance of the municipal judge salary being received by Mr. Phillips, is probably no longer appropriate, assuming no additional salary is owed to Mr. Phillips by the city or the county for his services as municipal judge. However, the appellant's complaint sought "all other proper relief." This court has held that one who holds a public office illegally may be required to pay back money received as salary. *Revis* v. *Harris*, 219 Ark. 586, 243 S.W.2d 747 (1951). It has also been held that one who, in good faith, performed the duties of a public office held in violation of a constitutional prohibition would not be required to pay back salary received and thus create a windfall to the state. *Martindale* v. *Honey*, 261 Ark. 708, 551 S.W.2d 202 (1977). The point here is that we cannot get into these issues or even the issue of the illegality or unconstitutionality of Mr. Phillips's service as municipal judge, as there has been no trial and no reviewable decisions on these issues have been made. The appellant was given no opportunity to develop his illegal exaction case because of the erroneous dismissal of that part of his complaint.

We note that illegal exaction actions have traditionally been brought in chancery courts; however, the question of propriety of filing this action in the circuit court was not raised by the parties, and we will thus not consider it.

Reversed and remanded.