Honorable Larry Mitchell State Representative District 55 P. O. Box 81 Bryant, AR 72022
Dear Representative Mitchell:
This official opinion is in response to your letter in which you asked whether or not a member of the County Board of Education could also serve as the chairman of a county political party committee. It is the opinion of this office that the answer to your question is no.
Article 3, Section 10 of the Constitution of Arkansas provides as follows:
 "Section 10, ELECTION OFFICERS — No person shall be qualified to serve as an election officer who shall hold at the time of the election any office, appointment or employment in or under the government of the United States, or of this State, or in any city or county, or any municipal board, commission or trust in any city, save only the justices of the peace and aldermen . . ."
Additionally, in State, ex rel. Robinson v. Jones, 194 Ark. 445,108 S.W.2d 901 (1937), the Arkansas Supreme Court held that a school director is not qualified to serve as an election officer in a school election where he is a candidate to succeed himself. The Supreme Court held that a school director was a civil officer within the meaning of Article 3, 10, and, of course, that an election commission member was an election officer within the meaning of this section.
Furthermore, Ark. Stat. Ann. 80-317 (1980 Repl.) states as follows:
 (Hereafter the County Board of Election Commissioners shall be charged with the responsibility of selecting judges and clerks of all school elections held in the several counties of the State.)
Said County Board of Election Commissioners shall also be authorized and empowered to make all necessary arrangements for conducting school elections and the general election laws, as far as applicable, shall apply to school elections.
The County Board of Election Commissioners are also authorized to designate polling places as well as to certify the election results pursuant to Ark. Stat. Ann. 80-318 (1980 Repl.). Therefore, it would appear to be a direct conflict of interest for a school director to also serve on the County Board of Election Commissioners.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Rick D. Hogan.