The Honorable Larry Goodwin State Representative Box 65 Cave City, Arkansas 72521
Dear Representative Goodwin:
This is in response to your request for an opinion on the following question:
 Can a member of a local school board serve as chairman of the county Democratic Central Committee?
A Chairman of the County Committee for a majority or minority party is automatically a member of the County Election Commission. A.C.A. 7-4-102(a). A question therefore arises with respect to the applicability of Article 3, Section 10 of the Constitution of Arkansas which states:
 No person shall be qualified to serve as an election officer who shall hold at the time of the election any office, appointment or employment in or under the government of the United States, or of this State, or in any city or county, or any municipal board, commission or trust in any city, save only the justices of the peace and aldermen, notaries public and persons in the militia service of the State. Nor shall any election officer be eligible to any civil office to be] filled at an election at which he shall serve — save only to such subordinate municipal or (typist note: quote incomplete)
Of additional relevance to your inquiry is A.C.A. 7-4-109(d) which states:
 No member of a county board of election commissioners shall be a candidate for any office to be filled at any general election while serving on the county board.
The Arkansas Supreme Court has held that a school director is a civil officer within the meaning of Article 3, Section 10. State, ex rel. Robinson v. Jones, 194 Ark. 445, 108 S.W.2d 901 (1937). It may therefore be concluded that a school board member cannot serve as chairman of the County Committee if at the time of any election, in which he serves as an election officer by virtue of his chairmanship of the Committee, he holds the school board member position. While it may be successfully contended, based upon the language of Art. 3, 10, that he can serve in both positions until the election, it is clear that he cannot serve as an election officer if "at the time of the election" he is a school board member.
Article 3, Section 10 will also preclude the school board member from serving as an election officer in an election where he is a candidate to succeed himself. See also State, ex rel. Robinson v. Jones, supra. This result was also reached in Byrd v. State,240 Ark. 743, 402 S.W.2d 121 (1966), based upon the incompatibility of offices, wherein the Supreme Court stated:
 The duties of a member of a county board of election commissioners are clearly inconsistent with becoming a candidate for the school board. . . . Clearly, there is a conflict of interest when an individual, who has some part in conducting an election, becomes a candidate at that same election.
 240 Ark. at 745.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.