The Honorable George Hopkins State Senator 78 Harver Hills Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request, submitted on behalf of a member of the Garland County Quorum Court, for an opinion on several questions relating to a city advertising and promotion commission. Although your request does not so indicate expressly, I assume the commission at issue was created under A.C.A. § 26-75-605 (Cum. Supp. 1993), the provisions of which previously were available to all cities of the first class and, since the effectiveness of Act 300 of 1995, also have been available to all cities of the second class and incorporated towns, rather than under A.C.A. § 26-75-703, the provisions of which are available only to certain smaller cities of the first class. Your questions are paraphrased and answered below in the order posed. Your first question is:
 For what portion of a year must a person reside in a city to be eligible to serve on the city's advertising and promotion commission? Is the same requirement applicable to a person's eligibility to register to vote within the city?
Arkansas Code Annotated § 26-75-605(a) provides in part:
 Any city levying a tax pursuant to this subchapter shall, by ordinance, create a city advertising and promotion commission, to be composed of seven (7) members, each of whom shall reside within the levying city. . . .
In addition, Ark. Const. art. 19, § 3, provides:
 No persons shall be elected to or appointed to fill a vacancy in any office who does not possess the qualifications of an elector.
This provision has been held applicable to municipal officers. Thomas v.Sitton, 213 Ark. 816, 212 S.W.2d 710 (1948). I have previously opined that members of municipal advertising and promotion commissions are city officers. Op. Att'y Gen. 91-283 (copy enclosed).
It accordingly is my opinion that only a resident[1] of a city may be appointed or otherwise named to that city's advertising and promotion commission.
If a member of a municipal advertising and promotion commission removes his or her residence from the city, it is my opinion that the member thereby becomes ineligible to serve on the commission. It should be noted, however, that a vacancy on the commission may or may not be created, depending upon all the relevant facts and circumstances surrounding the member's change of residence. It was stated in Ops. Att'y Gen. 89-251 and 88-208 (copies enclosed), and I agree, that where no statute expressly provides that a vacancy is created upon an incumbent's subsequently becoming ineligible to hold an office, the mere existence of the ineligibility does not create a vacancy if the incumbent was eligible to hold the office upon assuming it. See Stafford v. Cook, 159 Ark. 438,252 S.W. 597 (1923); see also May v. Edwards, 258 Ark. 871,529 S.W.2d 647 (1975). In such a case, the incumbent becomes a de facto
officer, and a vacancy may be created by the officer's abandonment of the office, although a clear intention to abandon must be shown. City ofBerryville v. Binam, 222 Ark. 926, 264 S.W.2d 421 (1954);State v. Green, 206 Ark. 361, 175 S.W.2d 575 (1944). A de facto officer who does not resign or abandon the office may be removed in the manner provided by law.
With respect to voter registration, Ark. Const. amend. 51, § 9(a), provides:
All persons may register who:
(1) are qualified electors and who have not previously registered;
 (2) will become qualified electors during the twenty (20) day period immediately prior to the next election scheduled within the county; or
 (3) are qualified electors but whose registration has been cancelled or is subject to cancellation in a manner provided for by this amendment.
A "qualified elector" is an individual "who holds the qualifications of an elector and who is registered pursuant to Arkansas Constitution, Amendment 51." A.C.A. § 7-1-101(9) (Repl. 1993).[2] With respect to municipal elections, residence in the municipality is one of the qualifications of an elector, Ptak v. Jameson, 215 Ark. 292,220 S.W.2d 592 (1949), although it appears that "residence" may not be the equivalent of "domicile" for purposes of voter eligibility. Arkansas Code Annotated § 7-5-201(b) (Repl. 1993)[3] provides:
 Residency shall generally be that place where one lives and works for a period of time, notwithstanding that there may be an intent to move or return at some future date to another place. Persons who are temporarily living in a particular place because of a temporary work-related assignment or duty post, or as a result of their performing duties in connection with their status as military personnel, students, or office holders, shall be deemed residents of that place where they established their home prior to beginning such assignments or duties. No person may be qualified to vote in more than one (1) county at any one (1) time.
In my opinion, it is clear from the foregoing that a person who will reside in a city on the day of an election, and who will become a resident of the city no later than the day before the election, is qualified to register with respect to such election, assuming he or she holds the other qualifications of an elector,[4] although such registration must occur more than 20 days prior to the election. Ark. Const. amend. 51, § 9(b).
Your second question is:
 What is the definition of a "tourism business" that would make it qualified for inclusion in the category "tourism industry"? Would the owner/manager of a business categorized as a "gift shop" that does not collect either the state two percent tourism tax or the city advertising and promotion tax be eligible for a position on the commission?
I assume your question refers to A.C.A. § 26-75-605(a)(1), which provides in part:
 Four (4) members [of the city advertising and promotion commission] shall be owners or managers of businesses in the tourism industry, at least three (3) of whom shall be owners or managers of hotels, motels, or restaurants. . . .
No provision of the Advertising and Promotion Commission Act, A.C.A. §§26-75-601 to -618 (1987, Cum. Supp. 1993, and as amended by Acts 300 and 931 of 1995) (the "Act"), defines the phrase "businesses in the tourism industry," and no appellate court of Arkansas has interpreted the phrase. Where the General Assembly has not defined a word or phrase used in legislation, this office, being a component of the executive branch of government, cannot provide a definitive definition.
In my opinion, the absence of a definition of the phrase in the Act indicates that the governing body of a city may provide a reasonable definition of the phrase "businesses in the tourism industry" in the ordinance creating the city's advertising and promotion commission. If the ordinance does not provide a definition, it is my opinion that those responsible for naming tourism industry representatives to the commission[5] may use their reasonable judgment and discretion in determining whether a business owned or managed by an individual proposed for commission membership is a business in the tourism industry. Although, as stated above, I cannot provide a definitive definition of the phrase, it would appear reasonable for such persons to conclude that a business calculated to make, or actually making, a significant proportion of its sales of goods or services to nonresidents of the city is a business in the tourism industry. Whatever criteria are used to determine whether a business is in the tourism industry should, of course, be applied equally to the consideration of each prospective member of the commission.
It is further my opinion that an owner or manager of a gift shop is eligible to serve on a city's advertising and promotion commission if those responsible for naming tourism industry representatives to the commission can reasonably determine, whether on the basis of a definition in the ordinance or otherwise, that the gift shop is a business in the tourism industry. Nothing in the Act provides or suggests that merchants or other business owners or operators not collecting the city advertising and promotion tax are ineligible to serve on the commission. To the contrary, several aspects of the Act suggest that such persons are eligible to serve.
In Op. Att'y Gen. 92-015 (copy enclosed), I opined that A.C.A. §26-75-602 permits a city to levy a tax upon accommodations without levying the tax upon prepared food, or vice versa. Thus, in a particular city, the tax might be collected only by owners and managers of hotels and similar businesses, and not by owners and managers of restaurants. Under A.C.A. § 26-75-605(a)(1), however, owners and managers of restaurants clearly would remain eligible to serve on the city's advertising and promotion commission. This hypothetical situation shows, in my view, that the General Assembly did not intend to limit industry representation on the commission to owners and managers of those businesses that collect the tax.
The statutory language at issue here also indicates that my opinion is consistent with legislative intent. As quoted above, A.C.A. §26-75-605(a)(1) provides that four members shall be owners or managers of businesses in the tourism industry, and that at least three of the four shall be owners or managers of hotels, motels, or restaurants. The statute thus clearly indicates that businesses providing accommodations or prepared food are "businesses in the tourism industry," and appears to indicate an intent that operators of those businesses that generally would be expected to collect the tax would occupy at least three of the four industry positions. In my view, however, it would defy common sense and the ordinary meanings of the words used in the statute to maintain that the tourism industry is composed only of businesses providing accommodations or prepared food. Tourists also spend money on entertainment, recreation, packaged food and drink, and souvenirs, among other things. If the General Assembly had intended that industry representation on the commission be limited to operators of those businesses collecting the tax, it could have easily so provided. In my opinion, its use of the phrase "businesses in the tourism industry" indicates that no such limitation was intended.
Your third question is:
 (a) What requirement, if any, exists with respect to hotel or restaurant ownership for eligibility to serve on a city's advertising and promotion commission?
 (b) Must the ownership be controlling? For example, must a stockholder of a corporation owning a hotel or restaurant own more than fifty percent of the outstanding stock in order to be deemed the owner of the restaurant for purposes of eligibility to serve on the commission? If the owner is a partnership, must the individual be the "principal" partner?
 (c) May an applicant for membership on the commission be required to submit proof as to managerial or ownership standing?
Each of the four industry representatives must be "owners or managers" of businesses in the tourism industry. A.C.A. § 26-75-605(a)(1) [emphasis supplied]. There is no requirement that the other three commission members be owners or managers of any business. See A.C.A. §26-75-605(a)(2) and (3). In response to part (a) of your question, then, it is my opinion that there is no ownership requirement provided that each of the four industry representatives on the commission is a manager of a business in the tourism industry.
With respect to part (b) of your question, it is my opinion that, once again, the General Assembly has left to each municipality imposing the tax the option of defining the word "ownership" in the ordinance creating the commission. If the city does not do so, it is my opinion that those responsible for naming industry representatives to the commission may use reasonable judgment and discretion in determining whether a prospective member of the commission meets the statutory qualifications. Those individuals should, of course, apply substantially equal criteria to their consideration of each prospective member.
In response to part (c) of your question, it is my opinion that those responsible for naming commission members may require from prospective members reasonable proof of eligibility to serve.
Your fourth question is:
 If an individual's membership on an advertising and promotion commission is challenged, which entity, the governing body of the city or the commission itself, has responsibility to remove the member?
In my opinion, neither the city nor the commission is authorized by the Act or other law to remove a commission member. In the absence of statutory provisions permitting such removal directly by the city or the commission, it is my opinion that there are three possible causes of action that might be employed to remove a member who is ineligible to serve: a quo warranto proceeding brought by the Attorney General; a usurpation action brought by the Attorney General or the individual, if any, entitled to the commission position; or a taxpayer lawsuit under the provisions of Ark. Const. art. 16, § 13.
Quo warranto is an ancient proceeding, which may only be brought by the State. See Moody v. Lowrimore, 74 Ark. 421, 86 S.W. 400 (1905).
The second action, for usurpation, is a statutory action codified at A.C.A. § 16-118-105, and is "in lieu of" a writ of quo warranto. SeeState ex rel. Robinson v. Jones, 194 Ark. 445, 108 S.W.2d 901 (1937). The statute was enacted to enlarge the remedy formerly afforded by information in the nature of quo warranto, so that a party entitled to the office could also institute the proceeding. SeeWheat v. Smith,50 Ark. 266, 7 S.W. 161 (1887). Where membership on a city commission is at issue, the statute authorizes the Attorney General or the person entitled to the office to institute the proceeding. See A.C.A. § 16-118-105(b)(1) and (b)(3)(B).
The third possible cause of action to remove an ineligible member of a city advertising and promotion commission is a taxpayer suit under the provisions of Ark. Const. art. 16, § 13, sometimes called the "illegal exaction" provision. A somewhat similar action was instituted in White,Governor v. Hankins, 276 Ark. 562, 637 S.W.2d 603 (1982), wherein a gubernatorial appointment to the Arkansas Highway Commission was challenged on grounds that the appointee's residence made him ineligible to serve. The court held that, as the Commission is responsible for spending tax monies, a citizen and taxpayer is entitled under Ark. Const. art. 16, § 13, to bring a action challenging an appointment that might cause the composition of the Commission to be unlawful. See alsoSpradlinv. Arkansas Ethics Commission, 314 Ark. 108, 858 S.W.2d 684 (1993) (taxpayer suit utilized to challenge an appointment to the Ethics Commission); Beshear v. Ripling, 292 Ark. 79, 728 S.W.2d 170 (1987) (taxpayer suit challenging the payment of salary to one allegedly unlawfully in office); and Jones v. Clark, Attorney General,278 Ark. 119, 644 S.W.2d 257 (1983) (taxpayer suit challenging the Attorney General's holding of a military position in violation of the Constitution of Arkansas).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] For purposes of holding office, the word "residence" is generally equated with a person's domicile. Charisse v. Eldred, 252 Ark. 101,477 S.W.2d 480 (1972). The determination of a person's domicile is one of fact that ultimately is ascertained from the statements and conduct of the person whose actions are at issue.
[2] Acts 946 and 963 of 1995 amended certain subsections of A.C.A. §7-1-101, not including subsection (9).
[3] Acts 930 and 941 amend A.C.A. § 7-5-201, but are not effective until January 1, 1996.
[4] Arkansas Code Annotated § 7-5-201(a) provides that a person generally is eligible to vote only in the county where he or she resided on the date 21 calendar days before the election. I express no opinion as to whether this restriction on voting eligibility is inconsistent with Ark. Const. amend. 51, § 9(a), which, as stated above, appears to permit registration to proceed if the individual will become a resident as late as the day prior to the election.
[5] With respect to a commission created after March 4, 1993, the initial tourism industry members are appointed by the city's governing body. A.C.A. § 26-75-605(b)(1). Vacancies in the tourism industry positions are filled by appointment made by the remaining members of the commission, with the approval of the city's governing body. A.C.A. §26-75-605(d).