The Honorable Clark Hall State Representative 302 Elm Street Marvell, AR 72366
Dear Representative Hall:
I am writing in response to your request for an opinion on the following:
 Mr. Joe St. Columbia was a 13 year member of the Helena A P commission and later elected as a member of the Helena City Council. When the City [sic] of Helena and West Helena consolidated Mr. St. Columbia was re-elected to the Helena-West Helena City Council. He was reappointed to a four year term on the A P commission by the city council of Helena-West Helena.
 Due to the consolidation, the interpretation is vague on the validity of appointments and commission in this combine [sic] city. Can Mr. St. Columbia serve on the A P commission? Who has authority to remove him? Is the commission required to approve any request made by the mayor?
Additionally, you have appended to your initial request the following, penned by Mayor Valley of Helena-West Helena:
 I am asking that you assume these facts to be true in the delivering of your opinion.
 There was once a City of Helena, Arkansas. That city had an Advertising and Promotion Commission. That city council appointed Mr. Joe St. Columbia to the Advertising and Promotion *Page 2 
Commission. Later, Mr. St. Columbia became elected to the city council and continued to hold BOTH positions.
 On March 1, 2005, the citizens of Helena, Arkansas and West Helena, Arkansas voted to consolidate the two cities.
 Under then current law, Helena was essentially dissolved and West Helena, being the larger city, took over what was Helena. On a separate question, the voters renamed West Helena to Helena-West Helena.
 Neither the former City of West Helena nor the new City of Helena-West Helena has an Advertising and Promotion Commission. In November of 2005 elections were held to select officers of the new city to begin work on December 31, 2005 (most people now say January 1, 2006). Joe St. Columbia was elected to the City Council of the new city in November 2005. Keep in mind that the new city began its existence on or about December 31, 2005.
 In January or February 2006 the new city council voted to impose the "Hamburger Tax" and create the necessary Advertising and Promotion Commission. The new city did not complete the selection of members of the commission until April of 2006. Mr. St. Columbia, contrary to the AG Opinion [97-057] which stated "In my opinion, a sitting council member is prohibited from accepting an appointment as a tourism industry representative on an advertising and promotion commission; "was appointed to the Advertising and Promotion Commission while already sitting on the City Council making the appointment. Mr. St. Columbia was not RE-ELECTED to the city council because the council to which he was previously elected no longer exists and no longer existed after December 31, 2005. Mr. St. Columbia was not RE-APPONTED to the A P Commission because the commission to which he was previously appointed, no longer existed after December 31, 2005. The City Council appointed Mr. St. Columbia as a[n] industry representative. The City Council also appointed two (2) of its own members to the commission. In total, three (3) of the current city council members *Page 3 
have been appointed and do sit on the A P commission for the City of Helena-West Helena.
 Therefore, the chronology is that Mr. St. Columbia was first elected to the City Council of the new city and then appointed to the new city's A P Commission AS AN INDUSTRY REPRESENTATIVE in addition to two (2) city council members as council representatives.
 Hence, the questions are:
 1) Whether the city council acted properly in appointing Mr. St. Columbia to the new city's A P Commission as an industry representative in addition to two (2) city council members representing the council in light of the existence of AG Opinion [97-057] and A.C.A. § 26-75-605 and 14-42-107.
 2) Secondly, if the council has acted in error, what are the lawful remedies under these facts?
(Emphasis in original).
RESPONSE
Initially, I must note the difficulty in addressing this opinion request because of the appended request you forwarded to this office. It appears that the two questions pertinent to both requests for an opinion are: 1) whether an individual who has been elected to the city council may be appointed or re-appointed as a commissioner of an Advertising and Promotions ("A P") commission; and 2) what remedies are available to remove a commissioner appointed in error to an A P commission. In my opinion, if an A P commissioner has been elected to the city council, he or she may not be appointed or re-appointed to the A P commission pursuant to A.C.A. § 14-42-107(a)(2) (Supp. 2007) while holding the office of city council member. In my opinion, an A P commissioner may only be removed by one of three methods: a writ of quo warranto, an usurpation action, or an "illegal exaction" suit pursuant to Art. 16, § 3 of the Arkansas Constitution as discussed below. *Page 4 
Both correspondence enclosed in your original request and the additional correspondence you have forwarded refer to the fact that two other members of the A P commission are members of the city council as provided for in A.C.A. § 26-75-605(a)(2) (Supp. 2007). Consequently, I address solely the propriety of a city council member filling a seat on the A P commission under A.C.A. § 26-75-605(a)(3) as a tourism industry representative.
Under either description of the attendant circumstances recounted above, Mr. St. Columbia's service on the advertising and promotion commission is likely an illegal dual service. In the context of dual office-holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Op. Att'y Gen. No. 95-178; Byrd v. State, 240 Ark. 743, 402 S.W.2d 121 (1966). My research has not revealed any constitutional prohibitions applicable to your request.
With regard to a statutory conflict, A.C.A. § 14-42-107 provides in pertinent part:
 No alderman or council member shall be appointed to any municipal office, except in cases provided for in this subtitle, during the time for which he may have been elected.
Id. at (a)(2).
In addressing a similar question regarding whether a sitting member of the city council could serve as a tourism representative on an A P commission, one of my predecessors stated in pertinent part:
 This office has previously opined that members of municipal advertising and promotion commissions are city officers. Ops. Att'y Gen. 95-296 and 91-283. Consequently, a member of the city council is generally prohibited by statute from being appointed to an office such as an advertising and promotion commissioner.
 I recognize that A.C.A. § 26-75-605(a)(2) provides for the appointment of two members of the governing body of the city. Section 26-75-605
is a more recent expression of legislative intent and is a more specific statute than the general rule outlined in A.C.A. *Page 5 
§ 14-42-107; therefore, A.C.A. § 26-75-605 will be controlling in the event of a conflict with A.C.A. § 14-42-107. See Donoho v. Donoho, 318 Ark. 637, 887 S.W.2d 290 (1994) (general statute does not apply when there is a specific statute covering a particular subject matter); Kyle v. State, 312 Ark. 274, 849 S.W.2d 935 (1993) (if two legislative acts relating to the same subject are in conflict with each other, the later act controls). Nevertheless, it is my opinion that A.C.A. § 26-75-605 is not in conflict with A.C.A. § 14-42-107 regarding a council members appointment as a tourism industry representative. Although A.C.A. § 26-75-605 provides for the appointment of two representatives of the governing body of the city, it is silent with regard to whether a member of the governing body can serve on the commission in any other capacity. Because A.C.A. § 26-75-605 does not address such a situation, it is my opinion that the general prohibition found in A.C.A. § 14-42-107 is in all likelihood controlling. Consequently, it is my opinion that a sitting council member is statutorily prohibited from accepting an appointment as a tourism industry representative on an advertising and promotion commission.
Op. Att'y Gen. 97-057 at 3. I agree with my predecessor that a sitting council member is prohibited by statute from accepting an appointment to an A P commission except as provided in A.C.A. § 26-75-605(a)(2) (authorizing the city council to appoint two members of the "governing body" to the A P commission). While a sitting A P commissioner may be elected to the city council, a sitting council member may not accept appointment to an A P commission. Op. Att'y Gen. 97-057 at 3-4. My predecessor specifically opined in pertinent part:
 In my opinion, a sitting council member is prohibited from accepting an appointment as a tourism industry representative on an advertising and promotion commission. It is, however, my opinion that a member of the advertising and promotion commission is not prohibited from subsequently taking office as a city council member and holding both positions.
Id. at 4. *Page 6 
In both renditions of the attendant facts presented above, it appears that Mr. St. Columbia was elected to serve on a city council and subsequently was either appointed or re-appointed to the A P commission. With respect to a new appointment to an A P commission I agree with my predecessor and reiterate that A.C.A. § 14-42-107
prohibits a sitting city council member from being appointed to an A P commission except as authorized by A.C.A. § 26-75-605(a)(2).
While an A P commissioner who is elected to the city council may serve out the term of office on the commission while also serving on the city council, in my opinion A.C.A. § 14-42-107 acts to prohibit the individual from accepting a reappointment to the A P commission as an industry representative while serving on the city council. There is no support in Arkansas law to distinguish an "appointment" from a "reappointment" to municipal office. In my opinion, the prohibition on a member of the city council being appointed to the A P commission as a tourism industry representative also prohibits reappointment to such a seat.
In my opinion, it was inappropriate, under either rendition of the facts, for Mr. St. Columbia, having been elected to the city council, to be appointed or re-appointed to the A P commission because of the prohibition on accepting appointment to a municipal office while serving on the city council pursuant to A.C.A. § 14-42-107.
With respect to who has the authority to remove a sitting A P commissioner, one of my predecessors addressed the question of how an A P commissioner could be removed stating in pertinent part:
 In my opinion, neither the city nor the commission is authorized by the Act or other law to remove a commission member. In the absence of statutory provisions permitting such removal directly by the city or the commission, it is my opinion that there are three possible causes of action that might be employed to remove a member who is ineligible to serve: a quo warranto
proceeding brought by the Attorney General; a usurpation action brought by the Attorney General or the individual, if any, entitled to the commission position; or a taxpayer lawsuit under the provisions of Ark. Const. art. 16, § 13. *Page 7 
 Quo warranto is an ancient proceeding, which may only be brought by the State. See Moody v. Lowrimore, 74 Ark. 421, 86 S.W. 400 (1905).
 The second action, for usurpation, is a statutory action codified at A.C.A. § 16-118-105, and is "in lieu o f" a writ of quo warranto. See State ex rel. Robinson v. Jones, 194 Ark. 445, 108 S.W.2d 901 (1937). The statute was enacted to enlarge the remedy formerly afforded by information in the nature of quo warranto, so that a party entitled to the office could also institute the proceeding. See Wheat v. Smith, 50 Ark. 266, 7 S.W. 161 (1887). Where membership on a city commission is at issue, the statute authorizes the Attorney General or the person entitled to the office to institute the proceeding. See A.C.A. § 16-118-105(b)(1) and (b)(3)(B).
 The third possible cause of action to remove an ineligible member of a city advertising and promotion commission is a taxpayer suit under the provisions of Ark. Const. art. 16, § 13, sometimes called the "illegal exaction" provision. A somewhat similar action was instituted in White, Governor v. Hankins, 276 Ark. 562, 637 S.W.2d 603 (1982), wherein a gubernatorial appointment to the Arkansas Highway Commission was challenged on grounds that the appointee's residence made him ineligible to serve. The court held that, as the Commission is responsible for spending tax monies, a citizen and taxpayer is entitled under Ark. Const. art. 16, § 13, to bring a action challenging an appointment that might cause the composition of the Commission to be unlawful. See also Spradlin v. Arkansas Ethics Commission, 314 Ark. 108, 858 S.W.2d 684 (1993) (taxpayer suit utilized to challenge an appointment to the Ethics Commission); Beshear v. Ripling, 292 Ark. 79, 728 S.W.2d 170 (1987) (taxpayer suit challenging the payment of salary to one allegedly unlawfully in office); and Jones v. Clark, Attorney General, 278 Ark. 119, 644 S.W.2d 257 (1983) (taxpayer suit challenging the Attorney General's holding of a military position in violation of the Constitution of Arkansas).
Op. Att'y Gen. 95-296 at 7-8. *Page 8 
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1